33159. PEELER *et al. v.* THE STATE.

DECIDED OCTOBER 11, 1950. REHEARING DENIED DECEMBER 15, 1950.

*J. D. Godfrey, Casey Thigpen,* for plaintiffs in error.

*W. H. Lanier, Solicitor-General,* contra.

MACINTYRE, P. J. ■ Napoleon Peeler, Bright Dixon and Walter Ponder were indicted for simple larceny. Peeler and

Dixon were tried under the indictment and found guilty. Their motion for a new trial was overruled and they excepted.

Under all of the evidence in the case and the statements of the defendants, the jury was authorized to find that the offense was committed in Washington County, Georgia, at a time within the statute of limitations and to find that Peeler and Ponder drove the cattle or led them away from the prosecutor's lot; took them to the woods and waited for Dixon to come and pick them up; that they then went to the home of one Red Norris where Dixon borrowed his truck; they then returned to where the cattle were, leaving the truck by the roadside until the women who were with them were taken home, and returned to where the cattle and the truck were, loaded the cattle thereon and carried them away.. After disposing of them, they returned the truck to the owner as soon as they discovered that the prosecutor was making a diligent search for his cattle, they left for Florida where they were later arrested and released because at the time of their release the truck in which they had hauled the cattle had not been discovered. After once having been arrested and released, they evidently felt safe to return to Georgia and when the truck finally was located they were again arrested and brought to trial. It follows that the evidence was sufficient to authorize the verdict finding the defendants guilty.

■ Headnote 2 requires no further explanation.

The court did not err in overruling the motion for a new trial. *Judgment affirmed. Gardner and Townsend, JJ., concur.*

### On Motion for Rehearing.

MacIntyre, P. J. Myrtle Lou Bright testified on direct examination that in January, 1949, in the nighttime, she went to the house of Red Norris with Bright Dixon, Pete (Napoleon) Peeler and Walter Ponder, the three persons indicted in this case for cow stealing and who the State contends were conspirators in the stealing of the cows in question; that the three indicted persons borrowed the truck in question and put some extra side planks on the truck and departed with the truck. On cross-examination by the defendants this witness testified: "I don't know when it was that he [Bright Dixon] used the truck. I wouldn't say that it was in 1949. It could have been in 1948."

Dorothy Slater, who was with her sister, Myrtle Lou Bright, and the three indicted persons on the occasion in question, testified on cross-examination by the defendants: "I don't know what year it was in. It was in 1948 or in 1949 I am sure. I don't know what month it was. I don't know whether it was in the summertime. I know what year it was in. It was in 1949."

Red Norris testified on direct examination: "At that time [referring to the occasion in question, the borrowing of the truck] I knew Bright Dixon. . . Bright Dixon came to my house about January, 1949. . . Early in the last year [1949] Bright Dixon drove my truck away from my house. . . I didn't go out there no further than the porch to hand him the key. There was another fellow with him, but I don't know who it was. It was dark. It was about one or one thirty when they got to my house. . . I had some plank sides for the truck, home made. They were off when Bright came to get the truck. . . The truck had the sides on it when he brought it back."

On cross-examination Red Norris testified: "I don't know whether it was before Christmas or after Christmas, it has been so long. I had rather believe it was before Christmas of 1948 than after. I don't know positive."

If we interpret the motion of the defendants correctly, one of the grounds of the motion for rehearing is based on the contention that the evidence does not show that the truck was borrowed from Red Norris the night of January 11, 1949, but that it was rather borrowed before Christmas in 1948, as their motion states that the cows were stolen on January 11, 1949, and that Dixon borrowed the truck before Christmas in 1948, and that this would break a link in the chain of the circumstantial evidence which would so weaken or destroy it that the jury would not be authorized to find either of the defendants on trial guilty (and particularly so with reference to Dixon). The defendants in their motion for rehearing relative to that contention quote the parts of the testimony on cross-examination of the witnesses Myrtle Lou Bright, Dorothy Slater and Red Nixon quoted above and placed in brackets. However, when we consider the testimony of these three witnesses on their direct examination, as quoted above, and apply the rules of evidence stated in *Randall* v. *State*, 73 *Ga. App.* 354, 368 (36 S. E. 2d,

450)—that " 'The jury were the sole judges of the facts and it was their privilege to draw their conclusions from the entire evidence or from any part of it.' *Sutton* v. *State*, 123 *Ga.* 125 (51 S. E. 316). It is the prerogative of the jury to believe certain parts of the defendant's statement and combine it with certain parts only of the evidence. *Goldsmith* v. *State*, 54 *Ga. App.* 268, 271 (187 S. E. 694). If a witness testifies inconsistently, that circumstance goes to his credit, but does not authorize the court to hold that the testimony of a witness not a party has no probative value because it is inconsistent or self-contradictory. *Reaves* v. *Columbus Electric & Power Co.*, 32 *Ga. App.* 140 (3). 'A jury in arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and reject another part thereof, it being their duty to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration' " (citing)—the jury could reject such testimony of these witnesses delivered under their cross-examination, and accept the testimony of such witnesses delivered under their direct examination, and could consider such testimony along with the circumstantial evidence, and if they did so, would be authorized to find the defendants guilty of cow stealing as charged. "It not infrequently happens that the testimony proves more than any one witness knows, or than is known to all the witnesses taken together. This is so perhaps in every instance where the evidence, though sufficient, is only circumstantial. Where the evidence is all direct, the jury can be no wiser than the witnesses, but they have to be wiser in order to find the truth of any fact upon circumstantial evidence alone. . . *Brown* v. *Matthews*, 79 *Ga.* 1, 8 (4 S. E. 13)." *Rogers* v. *State*, 80 *Ga. App.* 585, 589 (56 S. E. 2d, 633). It seems to us that the defendants in their motion for rehearing ignored or overlooked the rule that jurors are the sole judges of the credibility of witnesses, and that the jury may select what part or parts of the evidence they will believe, even though that part of the evidence the jury may choose to believe is contradictory or inconsistent with other parts of the testimony of the same witnesses, and may make up their verdict accordingly.

This and all other matters in the motion having been considered, the motion for rehearing is denied.

*Rehearing denied. Gardner and Townsend, JJ., concur.*