## SUTTON *v.* THE STATE.

On the trial of an indictment for assault with intent to rape, where there was evidence from which the jury was authorized to find that an assault was committed by the accused with the intention of gaining the woman's consent to have sexual intercourse with him, but without any intent to overpower her will and commit the crime of rape, it was error to fail to give in charge the law of assault and of assault and battery.

Argued April 17, — Decided June 13, 1905.

Indictment for assault with intent to rape.  Before Judge Spence.  Decatur superior court.  March 6, 1905.

The accused, O. N. Sutton, was tried under an indictment charging him with the offense of assault with intent to rape.  The following verdict was rendered:  "We, the jury, find the defendant guilty, and recommend him to extreme mercy."  The judge disregarded the recommendation, and sentenced the accused to ten years in the penitentiary.  Sutton filed a motion for a new trial, which was overruled, and he excepted.

The girl alleged to have been assaulted testified, in substance, that on the occasion under investigation she was living with a family by whom she had been adopted; that her foster-parents were not at home; that shortly after dark she started to go out in the back yard, when she was startled by hearing a stick crack in the darkness, and turned to return to the house.  Before she

could do so she was seized by the accused, who took her in his arms and carried her to a buggy standing near and placed her inside, getting in also and driving away. She called to him to turn her loose, but he would not do so. She did not get into the buggy voluntarily. The accused drove through certain described streets of the town of Bainbridge, and past several people. She cried out, but no one came to her relief. The accused kept his arm around her to keep her from getting out of the buggy. After leaving Bainbridge and driving for about an hour through the country, the accused assaulted her. The manner of the assault can best be described by quoting verbatim from the testimony of the injured party : "He did not stop the buggy when he made the assault, but was still driving on. He took off my guard. I was having what is called menstrual sickness at the time. . . At the time he was doing that he said, "Give me some." I asked him "What ?" He pointed here, and I told him I was not going to do it. Then he said he was going to do it anyhow. When he said this he took me in his lap. He had unbuttoned my union suit and took off my guard at this time. He took me in his lap. I slapped him, and he told me to quit ; and I told him I was not going to do it until he quit ; and he quit." This happened on a lonely country road at night. The accused then drove on to the home of a Mrs. Russell, several miles distant, where the girl spent the night. The accused admitted driving through the country with the girl at night, but claimed that it was done not only with her consent, but after her earnest entreaties that he take her away from her foster-parents, whom she represented to have been cruel to her. He denied emphatically having proposed to her to have sexual intercourse with him or having assaulted her in any way.

*W. D. Sheffield, W. I. Geer,* and *A. G. Powell,* for plaintiff in error. *W. E. Wooten, solicitor-general,* by *R. R. Arnold,* contra.

CANDLER, J. (After stating the foregoing facts.) The first five grounds of the amendment to the motion for a new trial raise practically the same point, and complain of the failure of the court below to give in charge the law relating to the offense of assault or assault and battery. After a very careful reading of the brief of evidence we have reached the conclusion that these offenses were necessarily involved in the case, and that the

court should have elucidated them in charging the jury. The contention of counsel for the State, that as the accused denied making an assault of any character he was not entitled to a charge on the minor offenses named, is hardly sound. The jury were the sole judges of the facts, and it was their privilege to draw their conclusions from the entire evidence, or from any part of it. They were at liberty to reject the statement of the accused that he made no improper advances to the female alleged to have been assaulted, and at the same time form their own opinion from her testimony as to the gravity of the assault and the intent with which it was committed. Certainly there was, in the testimony of the girl in this case, ample ground for a finding that an assault was made, but with no intention to commit the crime of rape. The statement made by her, that the accused did not stop driving during the occurrence about which she testified; that he used no further force than was necessary to remove certain parts of her clothing; that a running conversation was carried on; and that the accused desisted upon being slapped by her, might well be considered by the jury as incompatible with an intention to commit the crime of rape. And yet there was ample warrant for a finding that an assault was committed upon the girl by the accused, and that his intention was to procure her consent to an act of sexual intercourse with him, but not to persist in the assault if that consent was withheld. The case of *Tiller* v. *State*, 101 *Ga.* 782, is closely in point on this branch of the case, the only material difference being that in that case the evidence, while sufficient to justify a conviction of assault and battery, did not warrant a verdict of guilty of assault with intent to rape, while in the case at bar there was evidence which would authorize a conviction of the latter offense. The principle involved, however, is the same in both cases. In the case cited it was held, that the mere solicitation by a man of a woman to go with him into the woods, though intended as a proposal to her to have sexual intercourse with him, will not warrant a conviction of an assault with intent to rape, when it is manifest that there was no intention at the time to then have carnal knowledge of the woman forcibly and against her will; and that "it was, on the trial of an indictment for this offense, erroneous, upon such a state of facts as

that above recited, to restrict the jury to a finding of 'guilty or not guilty,' and thus, in effect, withhold from their consideration any question of returning a verdict finding the accused guilty of an assault and battery." The trial judge should be careful to instruct the jury as to the law of every offense involved in the charge made by the indictment, where, under any view of the evidence, the accused might be lawfully convicted of such an offense; and he should be equally careful not to charge as to any offense not involved in the evidence. *Jordan* v. *State,* 117 *Ga.* 405. In the case at bar, it is true, the court below did not in so many words instruct the jury that they must find the accused either guilty or not guilty, but his entire charge was such as to leave them no alternative to find any intermediate verdict. That this was harmful to the accused seems to be evidenced by the verdict actually returned; for the recommendation to "extreme mercy" does not indicate a strong conviction in the minds of the jury that the accused was guilty of the very grave crime of assault with intent to rape. On the contrary, it lends much strength to the contention of counsel for the accused, that, had the proper latitude been allowed them, they would have found the accused guilty of a less serious offense than the one with which he was charged.

The motion for a new trial contains several other grounds, but none of them disclose error of sufficient importance to require, of themselves, the grant of a new trial. The requests to charge, so far as legal and pertinent, were covered by the charge as given, and the charges complained of were, in the main, correct statements of the law. The charge that the jury might consider in whose power the woman alleged to have been assaulted was, at the time of the occurrence under investigation, is subject to the criticism made on it by counsel for the plaintiff in error, that it was capable of the construction that the trial judge entertained an opinion that she was in the power of the accused; but it can hardly be held to be argumentative to the extent that it will require a new trial; and doubtless when the case is heard again the trial judge will be more guarded in his expressions. The judgment is reversed solely on account of the failure to charge the law of assault and assault and battery.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*