### DRIVER *v.* THE STATE.

BELL, Justice. 1. The defendant was indicted for the alleged murder of his wife "by causing her to drink a liquid containing arsenic poison," and on the trial was convicted of the offense charged. His motion for new trial, in which he contended that the verdict was contrary to the evidence and without evidence to support it, and that the judge erred

in failing, without request, to give to the jury specified instructions, was overruled, and he excepted. *Held:*

1. "In every case it is the duty of the judge, with or without request, to give to the jury an appropriate instruction as to the law on each substantive point or issue involved in the case, but a judge is not obliged to charge, in the absence of a timely written request, as to any collateral matter." *Patterson* v. *State*, 134 *Ga.* 264 (3), 267 (67 S. E. 816).

2. The judge, having charged the jury that the defendant had entered a plea of not guilty, which made the issue that the jury were to try, that he contended that his wife did not die as the result of arsenic poison as alleged, and that if she died "in the manner charged," that is, if arsenic poison was given to her, he did not administer it, had nothing to do with it, and knew nothing about it, and having also instructed the jury fully and correctly as to the allegations in the indictment, presumption of innocence, and burden of proof, did not err in omitting, without request, to charge on the defendant's contention that his wife died as the result of heart trouble, as this was a mere collateral matter, elaborating the contention that the wife did not die as a result of poison, and was not such a distinct defense as to require instruction thereon in the absence of request. See *Williams* v. *State*, 120 *Ga.* 870 (48 S. E. 368); *Savannah Electric Co.* v. *Jackson*, 132 *Ga.* 559 (4) (64 S. E. 680); *Watson* v. *State*, 136 *Ga.* 236 (6) (71 S. E. 122); *Edge* v. *Calhoun National Bank*, 155 *Ga.* 821 (2) (118 S. E. 359); *Evans* v. *State*, 185 *Ga.* 375 (2) (194 S. E. 873). The rulings just stated accord with the decisions in *Strickland* v. *State*, 98 *Ga.* 84 (2) (25 S. E. 908), *Sledge* v. *State*, 99 *Ga.* 684 (2) (26 S. E. 756), and other authorities cited for the plaintiff in error, which did not deal with mere "collateral matters concerning which," as was recognized in the *Sledge* case, "the court is only required to instruct the jury upon request."

3. Nor, in view of the instructions given, as stated in note 2, did the court err in failing, without request, to define corpus delicti, or to charge as to the burden of proof in reference thereto, or as to presumption of death from natural cause. See, in addition to the foregoing authorities, *Buckhanon* v. *State*, 151 *Ga.* 827 (8) (108 S. E. 209); *Warren* v. *State*, 153 *Ga.* 354 (2) (112 S. E. 283); *Davis* v. *State*, 153 *Ga.* 669, 681 (113 S. E. 11).

4. The evidence, though circumstantial, was sufficient to support the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 14161. SEPTEMBER 18, 1942.

*Earl Staples* and *Emmett Smith,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, William Y. Atkinson, solicitor-general, Emil J. Clower, assistant attorney-general,* and *J. L. Smith,* contra.