## 21110. BLOODWORTH v. THE STATE.

DUCKWORTH, Chief Justice. The accused was indicted, tried, and convicted without a recommendation of mercy of the rape of his own minor daughter. He filed a motion for new trial, which was subsequently amended by adding six special grounds, and, after a hearing, was denied. The exception is to this judgment. *Held:*

1. The only evidence resembling a confession was a voluntary statement made before the trial wherein the accused said that he was drinking and carried his six-year-old daughter into the back room and "tried to have intercourse with her and she started to crying and he stopped." Special ground 2 excepts to an excerpt from the charge on confession. While there have been differences of opinion among the members of this court as to what facts constitute a confession, there has been unanimity of opinion as to what the law requires in order for a statement to constitute a confession. It must admit every essential element of the crime. *Covington v. State,* 79 Ga. 687 (1) (7 S. E. 153); *Fletcher v. State,* 90 Ga. 468 (3) (17 S. E. 100); *Owens v. State,* 120 Ga. 296 (2) (48 S. E. 21); *Allen v. State,* 187 Ga. 178, 181 (200 S. E. 109, 120 A. L. R. 495). But when the statement admits some but not all the essentials of the crime, it is an incriminatory statement and not a confession. Here the statement fails to show even slight penetration, which is essential to constitute rape, the crime alleged. It was prejudicial error to charge on confession. *Pressley v. State,* 201 Ga. 267 (39 S. E. 2d 478); *Teasley v. State,* 202 Ga. 316 (43 S. E. 2d 319).

2. Special ground 1 complains of the charge that, "To this indictment the defendant has stood mute, which has the same effect as entering a plea of not guilty." The record shows that his counsel stated that the accused stood mute and waived a jury, but the solicitor objected to waiving a jury. There is no merit in the contention that the charge was erroneous because the court failed to go further and inform the jury that the accused also sought to waive the jury, and that the charge could have caused the jury to believe that the accused admitted his guilt by not pleading "not guilty." The charge was factually correct and is not subject to the criticism made. *Code* § 27-1405.

3. The 3rd special ground complains of the charge on acquiescence or silence, which was in the exact language of *Code* § 38-409. The excerpt was a correct abstract principle of law applicable in this instance because of the testimony allowed in evidence of the defendant's wife that he failed to answer her questions when she questioned him as to whether he had "bothered" the girl. He first denied it, but after being confronted with other evidence he refused to answer and hung his head. The charge was authorized by the evidence, and this ground is without merit.

4. Special grounds 4, 5, and 6, complaining of the failure to charge on the lesser crimes of assault with intent to rape, molestation of a child, and assault and battery, are meritorious, because the prior statement of the accused, introduced in evidence together with other evidence in the case, was sufficient to warrant a conviction of these lesser crimes. This is not a case where the only evidence requiring the particular charge is the unsworn statement of the accused on the trial, in which case to render a failure to charge reversible error there must have been a timely written request so to charge. *Moore v. State*, 151 Ga. 648 (108 S. E. 47); *Gorman v. State*, 183 Ga. 307 (188 S. E. 455); *Bonner v. State*, 206 Ga. 19 (55 S. E. 2d 587).

5. The evidence, consisting of the extrajudicial statement of the accused, the testimony of a doctor that the child's hymen was virtually absent and the vaginal canal had been dilated, which was very unusual in a female child of seven years of age, and the testimony of the mother that she found the child's bloody underpants shortly after the time of the alleged crime, together with all the other circumstances in the case, was sufficient to authorize the verdict, and the general grounds of the motion for new trial are without merit. See *Sheffield v. State*, 188 Ga. 1 (9), 11 (2 S. E. 2d 657). But, for the reasons stated above, the court erred in denying the amended motion for new trial.

*Judgment reversed. All the Justices concur.*

Submitted January 9, 1961—Decided February 9, 1961.

*W. B. Mitchell*, for plaintiff in error.

*Hugh Sosebee, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General*, contra.