## 26764. HENSLEY v. THE STATE.

HAWES, Justice. Hensley was jointly indicted, tried and convicted with one Gipson of armed robbery. Hensley was separately sentenced to serve a term of eight years in the penitentiary. He appealed from the judgment of conviction and sentence and from the denial of his motion for a new trial.

1. The alleged victim of the robbery was a deaf-mute. He was permitted to testify through an interpreter who was first sworn and qualified by being examined as to his experience in the use of sign language. The trial court found him to be qualified. During the examination of this witness, the interpreter encountered some difficulty in communicating with him and was at times unable to elicit intelligent answers from the witness, thus necessitating the rephrasing and repetition of some of the questions. The Code expressly sanctions the use of an interpreter in situations like this. *Code* § 38-1609. If such a procedure were not permissible, the witness unable to communicate in English or otherwise disabled would never be able to give his testimony. *Schall v. Eisner,* 58 Ga. 190, 192. As was so aptly said by Justice Bleckley in the case of *Wilson v. Frisbie, Roberts & Co.,* 57 Ga. 269, 273, speaking in a slightly different context, "Unless such communications are to be translated by those who understand the signs and characters in which they are expressed, courts and juries would never be able to arrive at their meaning. If they are to come into court at all, they must speak through an interpreter." The use of an interpreter, and the extent to which the examination will be allowed to proceed through him must necessarily lie within the sound discretion of the trial judge. Whether the evidence elicited be credible is a question for the jury who were there and who observed the witness, his behavior on the stand and response to the questions and the manner of communication between him and the interpreter. They alone are able to determine in

such situations just what weight and credit is to be given to testimony delivered through an interpreter. No abuse of discretion by the trial court is shown, and it does not appear that the testimony elicited is inherently incredible. The first ground of enumerated error is without merit.

2. The second and fourth grounds of enumerated error contend that the trial court erred in failing to charge the jury on the lesser included offenses of robbery by intimidation and theft by taking. The testimony of the prosecuting witness made out a case of armed robbery. He testified that he was accosted by the defendants on trial while he walked along the street, forced into an automobile at the point of a knife and carried by them while held at knife point from downtown Atlanta to Hapeville where a sum of money, a quantity of bus tokens and some articles of personalty, including his shoes, were taken from him, and that he was then put out of the automobile. The testimony of the other witness for the State tended to corroborate the testimony of the victim. The appellant and his co-defendant testified under oath. Their testimony was in substance that they met the prosecuting witness at a bar in Atlanta; that he voluntarily got into the car with them and voluntarily rode with them to the apartment of the one of the defendants; that they went into the apartment where the prosecuting witness solicited them to commit an unnatural sex act giving them $30, presumably in payment therefor; that they declined his proposition and after some interval of time he became angry with them and they ejected him from the apartment, keeping the $30 and his shoes. The testimony of these defendants was corroborated in some respects by the sworn testimony of another witness called in their behalf. "A person commits robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . (b) by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious

bodily injury to himself or to another; . . ." Criminal Code of Georgia, § 26-1901 (Ga. L. 1968, pp. 1249, 1298). This offense is a lesser included offense in the offense of armed robbery. Id. § 26-1902 (Ga. L. 1969, p. 810). "A person commits theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of said property, regardless of the manner in which said property is taken or appropriated." Criminal Code of Georgia, § 26-1802 (a) (Ga. L. 1968, pp. 1249, 1290). The punishment for the violation of this Code section is set forth in § 26-1812 (Ga. L. 1968, pp. 1249, 1295). The evidence on behalf of the defendant denied the charge of armed robbery, and was such that it would have authorized the jury to find him guilty of either of the two lesser offenses of robbery by intimidation or theft by taking as defined by the above quoted Code sections. The evidence thus required a charge defining those offenses and submitting them to the jury as possible verdicts. This was not done and the failure of the trial court to charge on robbery by intimidation and theft by taking requires the grant of a new trial. *Moore v. State,* 151 Ga. 648, 662 (108 SE 47); *Bloodworth v. State,* 216 Ga. 572 (4) (118 SE2d 374).

3. The trial court did not err, certainly, in the absence of a request therefor, to charge in any other language than that used with respect to the necessity that they find that the defendant possessed a criminal intent before they would be authorized to convict. The court instructed the jury by defining armed robbery in the language of § 26-1902 of the Criminal Code of Georgia. This section includes the language, "with intent to commit theft," not embodied in the former Code section defining robbery and, therefore, the rulings of this court in cases such as *Rutherford v. State,* 183 Ga. 301 (2) (188 SE 442), and *Nelson v. State,* 203 Ga. 330 (3) (46 SE2d 488) to the effect that a charge defining armed robbery in the language of former Code § 26-2501 was not a sufficient defi-

nition of robbery to inform the jury of all the essential elements of the offense cannot be applied to instructions in the language of the new *Code Ann.* § 26-1902. The third ground of enumerated error is without merit.

4. After the jury had returned the verdict of guilty, the trial proceeded under the provisions of the Act approved March 27, 1970 (Ga. L. 1970, p. 949, et seq.; *Code Ann.* § 27-2534) to permit the jury to receive evidence so as to determine the punishment to be imposed. The State offered evidence of a prior plea of nolo contendere entered by the defendant. Counsel for the defendant objected to that evidence solely on the ground that nolo contendere is not a conviction. In compliance with the wording of the Act which expressly makes pleas of nolo contendere admissible, the court overruled this objection and counsel for the defendant interposed no further objection and the evidence was admitted. In grounds of enumerated error Nos. 5 and 6, appellant contends that since the plea of nolo contendere antedated the effective date of the 1970 Act it was not admissible, and also contends that the court erred in allowing evidence of defendant's prior criminal record to be submitted to the jury for its consideration in deliberating as to the sentence to be imposed since the State had not previously notified the defendant that it would introduce this evidence. Neither of these contentions was made in the trial court and it is too late to raise them for the first time before this court. See *Brackett v. State,* 227 Ga. 493, 495 (181 SE2d 380).

5. The remaining grounds of enumerated error relate to the act of the trial judge in withdrawing from the jury consideration of the sentence to be imposed and imposing the sentence himself. The Act confers this authority upon the judge "if the jury cannot, within a reasonable time, agree on the punishment." The record shows that the jury had deliberated approximately one hour when the judge took this action. We are not prepared to say that in the exercise of this power the judge abused his discretion or that the jury had not been afforded a reasonable

time to agree on the punishment. The remaining grounds not expressly dealt with complaining of certain matters in the sentencing procedure relate to things not likely to recur on another trial.

6. For the reasons set forth in the second division above, the trial court erred in denying appellant's motion for a new trial and the judgment must be reversed and a new trial granted.

*Judgment overruling the motion for a new trial reversed with direction that a new trial be granted. All the Justices concur.*

ARGUED OCTOBER 13, 1971—DECIDED JANUARY 6, 1972.

*Edwin M. Saginar*, for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode, Creighton W. Sossomon, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, W. Hensell Harris, Jr., Deputy Assistant Attorney General,* for appellee.