## 47468.  HINTON v. THE STATE.

DEEN, Judge. According to the testimony of the victim, confirmed by an eyewitness, she was in the act of boarding a bus when the defendant ran between her and the bus, knocking her to the ground and inflicting a bruise and back injury, at the same time slashing open the pocketbook which she held in her hand and taking some of the contents (which did not include money), and then reaching down the neck of her dress where she had placed $25 in bills which he snatched, and ran into a nearby store. He was apprehended at a later time when the victim saw him at another bus stop and called the police, and he was indicted for robbery. Upon the trial Hinton relied on alibi as his sole defense. *Held:*

Robbery may be committed by taking the property of another from his person by sudden snatching with intent to commit theft. *Code Ann.* § 26-1901 (c). Theft by taking may be committed by unlawfully taking any property of another, regardless of the manner of taking, with the intent of depriving him thereof. *Code Ann.* § 26-1802 (a). The defendant complains that the court, who charged the jury on robbery by sudden snatching under *Code Ann.* § 26-1901 failed to charge on theft by taking under *Code Ann.* § 26-1802.

Robbery always involves theft or attempt at theft, and theft always involves the taking, obtention, or appropriation of the property of another. It follows therefore that theft by taking, or the intent to commit this act, will generally be involved where the property is removed from the person of another. Under these circumstances the evidence may often be such as to require the court to charge both the greater and the lesser offense. Where, however, as here, the State's evidence requires a verdict of guilty of robbery by sudden snatching, and the defendant's evidence if believed would require an acquittal on the ground of mistaken identity, it is not error to fail to charge

on the offense of theft by taking. *Hill v. State,* 229 Ga. 307 (191 SE2d 58).

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*
SUBMITTED SEPTEMBER 15, 1972—DECIDED SEPTEMBER 22, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Joel M. Feldman, Joseph J. Drolet,* for appellee.