### 49931. STONAKER v. THE STATE.

EVANS, Judge.

Defendant was convicted of child molestation, and sentenced to serve 20 years — 10 years in the penitentiary and 10 years on probation. Motion for new trial was denied, and defendant appeals. *Held:*

1. Defendant contends that because the child in an

earlier hearing testified that the defendant kissed her abdomen several inches below the navel and well above the vaginal area, that the evidence was more consistent with battery than child molestation. But, the child did testify that the defendant's mouth was against her privates, and her credibility, including the possibility that she might have confused the times and incidents, was for determination by the jury. The jury is the sole and exclusive judge of the credibility of the witnesses. *Reece v. State,* 155 Ga. 350 (116 SE 631); *Bell v. State,* 164 Ga. 292 (138 SE 238). After verdict, a reviewing court must construe the evidence in favor of the judgment rendered. *Bell v. State,* 21 Ga. App. 788 (95 SE 270); *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146); *Lee v. State,* 126 Ga. App. 38, 39 (189 SE2d 872). There is sufficient evidence to support the verdict. *Fulford v. State,* 221 Ga. 257 (144 SE2d 370).

2. The court interrogated the child, and then made a definite finding that she understood the difference between right and wrong; and that she would be punished if she did not tell the truth, and that she swore to tell the truth, and that she *was competent* to testify. While he did not ask specifically whether the child understood the nature of an oath, the examination was sufficient to determine that she did. *Frasier v. State,* 143 Ga. 322 (85 SE 124); *Ruff v. State,* 132 Ga. App. 568 (208 SE2d 581), and cases cited in Division 2 thereof. The case of *Warthen v. State,* 11 Ga. App. 151, 152 (74 SE 894), relied upon by defendant, differs from this case, in that there the child swore she had no knowledge of the nature of an oath, whereas in the case sub judice, it was shown that the witness understood the meaning of taking an oath, and, that if she did not tell the truth she would be punished. *Reece v. State,* 155 Ga. 350, supra; *Style v. State,* 175 Ga. 95 (165 SE 7); *Jones v. State,* 219 Ga. 245 (132 SE2d 648); *Lashley v. State,* 132 Ga. App. 427 (5) (208 SE2d 200). The enumeration is without merit.

3. Defendant enumerates error on the trial court's failure to charge the jury on the lesser offense of battery. In this connection he contends the child herself testified that she had sworn, in an earlier hearing, that defendant kissed her on her tummy (and not on her private parts);

that she admitted her mother had talked with her since the first hearing and told her about the term "private parts." He contends if the jury believed her earlier version of the transaction, the greatest crime of which he could have been convicted was battery under Code Ann. § 26-1304, which is a misdemeanor; whereas he was actually convicted of child molestation, under Code Ann. § 26-2019, which carries a penalty of 20 years, and that he received the extreme penalty of 20 years, 10 years to be served in prison and 10 years on probation. In *Bloodworth v. State,* 216 Ga. 572, 573 (4) (118 SE2d 374), defendant was convicted of rape and it was held reversible error for the trial court to fail to charge on the lesser offenses of assault and battery, assault with intent to rape, and child molestation, when there was evidence sufficient to warrant conviction of such lesser offenses. It is pointed out in *Bloodworth* supra, that *where the only evidence warranting such charge on lesser offenses is the unsworn statement of defendant,* no duty to charge arises unless a written request to charge is filed.

In the case sub judice there was *sworn testimony,* both as to the victim's testimony at the earlier hearings, and by the defendant himself, which both authorized and required a charge on the lesser offense of battery. Even if we disregard the contradictory testimony of the child at the first and second hearings, defendant himself testified under oath that he kissed the child on the "tummy" only, without evil thought or intention. This testimony sufficiently raised the question and issue of whether defendant committed battery, and not child molestation. It is the duty of the trial judge to charge on a defense which is supported by sworn testimony in the case. *Phenix Ins. Co. v. Hart,* 112 Ga. 765 (1) (38 SE 67); *Chattanooga & Durham R. Co. v. Voils,* 113 Ga. 361, 362 (38 SE 819); *Investors Syndicate v. Thompson,* 172 Ga. 203 (2b) (158 SE 20).

In *Sutton v. State,* 123 Ga. 125, 128 (51 SE 316), the trial court was reversed in a conviction for assault with intent to rape because no charge was given on the lesser offense of assault and battery, and the court states: "The trial judge should be careful to instruct the jury as to the law of every offense involved in the charge made by the

indictment, where, *under any view of the evidence,* the accused might be lawfully convicted of such an offense." (Emphasis supplied.) Again, in *Moore v. State,* 151 Ga. 648, 649 (5) (108 SE 47), it is held: "Where a charge of an offense of graver character includes (without additional averment) a minor offense, it is the duty of the trial judge to instruct the jury upon the law applicable to the lesser offense, where the evidence, under any view thereof, will authorize a conviction of the lesser offense . . ."

Provision is made by statute for the conviction of an offense *included* in the crime charged in the indictment. Code Ann. § 26-505. A careful reading of· Code Ann. § 26-2019 as to child molestation, and of ᐧCode Ann. § 26-1304, as to battery, clearly shows the latter may be included in the former, where the offense is established by the same or less than all the facts; or of a less culpable mental state.

In view of the evidence and the authorities cited, it was error for the trial judge to fail to charge the jury on the lesser offense of battery.

4. Defendant contends the court erred in failing to charge, even without a request, that where the evidence and all reasonable deductions present two theories, one of guilt and the other consistent with innocence, *the theory consistent with innocence must be accepted.*

Defendant cites *Patrick v. State,* 75 Ga. App. 687 (44 SE2d 297), and *Davis v. State,* 13 Ga. App. 142 (78 SE 866). These cases do not deal with *failure to charge,* but with the *sufficiency of evidence to convict when based upon circumstantial evidence.* No case is cited, and we know of none, which holds that failure to charge on this theory is reversible error; and this is especially true where the verdict of guilty is supported, as in the case sub judice, *by direct evidence.* The little girl testified positively that defendant placed his mouth on her private parts; her credibility was for the jury; and simply because she had earlier given a different version, and because the defendant testified that he did not commit the act as she described it, can in no sense be said to present two opposing theories requiring the jury to accept defendant's version, which is consistent with his innocence of the crime of child molestation. To so hold would in effect mean

that in every case where defendant and his witnesses support his contention of innocence, the jury must be charged that the jury must accept defendant's version, and disregard the state's witnesses and their version of his guilt. That simply is not the law. For a comprehensive discussion of this question see *Nolen v. State,* 124 Ga. App. 593, 594, 595 (184 SE2d 674), and cases there cited, and especially discussion on motion for rehearing at pages 596, 597, albeit there defendant's statement was not under oath.

5. Defendant contends that in the pre-sentencing phase of the case, a certified copy of a jury conviction and order of probation in a molestation of a child case from the State of California should not have been allowed in evidence against him because it did not contain a final judgment. This contention is not meritorious for the document showed a conviction by a jury and an order of probation for five years upon the conditions therein set out. This was a final judgment following the jury verdict under Code Ann. § 27-2534.

6. Defendant enumerates error as to the admission in evidence of several misdemeanor cases during the pre-sentencing phase in which nolo contendere or guilty pleas were entered wherein the defendant had waived counsel. Defendant contends these convictions were void because he was denied benefit of counsel and therefore they were illegal under *Clenney v. State,* 229 Ga. 561, 563 (4) (192 SE2d 907). In *Clenney,* supra, the Supreme Court followed Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799, 93 ALR 733), and Burgett v. Texas, 389 U. S. 109, 115 (88 SC 258, 19 LE2d 319), and held that it was error to allow in evidence the record of *felony* convictions which did not show the defendant was represented by counsel. Here the evidence was pleas of guilty and nolo contendere in *misdemeanor* cases, and no case has been cited wherein the ruling in Wainwright, has been extended further than to felony cases. In *Collins v. State,* 129 Ga. App. 87 (3), 88 (198 SE2d 707), this court held a sentence in a felony case was void because an indictment which showed a plea of guilty without counsel was void because the state did not show it was entered freely, voluntarily and intelligently on the part of the defendant.

While the Supreme Court of the United States may extend its ruling in the Wainwright case to include misdemeanors, it has not as yet done so, and we will not extend this ruling further until it has been thus extended.

7. At the conclusion of the court's charge to the jury, defendant's counsel suggested to the court that he should charge the jury on "conflicting statements." It is the law of this state that a witness may be *impeached by proof of conflicting statements.* See Code § 38-1803. The court refused to charge on impeachment by conflicting statements, and defendant enumerates error. He contends the failure to charge the jury thereon took away from him one of his main defenses, to wit, that the state's witness—the alleged victim—had made conflicting statements, and the jury could have decided her testimony was impeached and could have disbelieved her for that reason.

In criminal cases the pleadings usually consist of the indictment and defendant's plea of not guilty. The issues and defenses are therefore most often made by the introduction of evidence.

It has been held error not to charge on the issues in a case where same are supported by evidence. See *Jones v. Hogans,* 197 Ga. 404, 412 (29 SE2d 568); *Futch v. Jarrard,* 203 Ga. 47, 51 (45 SE2d 420). And on the same line, it is error not to charge on a defense in a criminal case which is supported by evidence. See *Glaze v. State,* 2 Ga. App. 704 (2), 708, 709 (58 SE 1126); *Reed v. State,* 15 Ga. App. 435 (1) (83 SE 674); *Thompson v. State,* 16 Ga. App. 832 (4) (84 SE 591); *Walker v. State,* 86 Ga. App. 875, 879 (72 SE2d 774); *McRoy v. State,* 131 Ga. App. 307, 308 (4) (205 SE2d 445). It was proven in this case that the alleged victim had testified at a preliminary hearing to the effect that defendant's mouth was in contact with her tummy, and nothing more. This would have authorized a charge on assault and battery.

But on the final trial of the case she testified that defendant's mouth was in contact with her private parts, which, if believed, would amount to child molestation. She testified her mother had discussed her testimony since the preliminary trial and had told her about her private parts. This evidence was therefore sufficient to

show conflicting statements in an important particular; if the first statement was believed, defendant could only be convicted of assault and battery; whereas, if her testimony at the last trial was believed, he could be convicted of child molestation. And of course, if the jury did not believe the victim at all because of these conflicting statements, a verdict of not guilty was authorized. The failure to charge on conflicting statements under this state of the record was error.

8. For the reasons stated above, the judgment is reversed.

*Judgment reversed. Pannell, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 6, 1974 — DECIDED FEBRUARY 13, 1975 — REHEARING DENIED MARCH 4, 1975 — ▮

*Weiner & Bazemore, Paul S. Weiner,* for appellant.
*William H. Ison, District Attorney, Clarence L. Leathers, Jr., Assistant District Attorney,* for appellee.