## 50641. BROWN v. THE STATE.

Evans, Judge.

> *The D. A. was ready*
> *His case was red-hot.*
> *Defendant was present,*
> *His witness was not.[1]*

---

[1] See *Wheat v. Fraker,* 107 Ga. App. 318 (130 SE2d 251), for precedent in writing an opinion in rhyme.

*He prayed one day's delay*
*    From His honor the judge.*
*But his plea was not granted*
*    The Court would not budge.*[2]

*So the jury was empaneled*
*    All twelve good and true*
*But without his main witness*
*    What could the twelve do?*[3]

*The jury went out*
*    To consider his case*
*And then they returned*
*    The defendant to face.*

*"What verdict, Mr. Foreman?"*
*    The learned judge inquired.*
*"Guilty, your honor."*
*    On Brown's face — no smile.*

*"Stand up" said the judge,*
*    Then quickly announced*
*"Seven years at hard labor"*
*    Thus his sentence pronounced.*

---

[2] I profoundly apologize to Judge Sol Clark, of this court, for invading the field of innovation and departure from normalcy in writing opinions; especially in the copious use of footnotes.

[3] This opinion is placed in rhyme because approximately one year ago, in Savannah at a very convivial celebration, the distinguished Judge Dunbar Harrison, Senior Judge of Chatham Superior Courts, arose and addressed those assembled, and *demanded* that if Judge Randall Evans, Jr. ever again was so presumptious as to reverse one of his decisions, that the opinion be written in poetry. I readily admit I am unable to comply, because I am not a poet, and the language used, at best, is mere doggerel. I have done my best, but my limited ability just did not permit the writing of a great poem. It was no easy task to write the opinion in *rhyme*.

*"This trial was not fair,"*
*The defendant then sobbed.*
*"With my main witness absent*
*I've simply been robbed."*

*"I want a new trial —*
*State has not fairly won."*
*"New trial denied,"*
*Said Judge Dunbar Harrison.*

*"If you still say I'm wrong,"*
*The able judge did then say*
*"Why not appeal to Atlanta?*
*Let those Appeals Judges earn*
*part of their pay."*

*"I will appeal, sir" —*
*Which he proceeded to do —*
*"They can't treat me worse*
*Than I've been treated by you."*

*So the case has reached us —*
*And now we must decide*
*Was the guilty verdict legal —*
*Or should we set it aside?*

*Justice and fairness*
*Must prevail at all times;*
*This is ably discussed*
*In a case without rhyme.*[4]

*The law of this State*
*Does guard every right*
*Of those charged with crime*
*Fairness always in sight.*

---

[4] See *Murphy v. State,* 132 Ga. App. 654-658 (209 SE2d 101), wherein a well-written and well-reasoned opinion discusses the reasons why a denial of motion to continue in a criminal case was erroneous and subject to reversal.

> *To continue civil cases*
>   *The judge holds all aces.*
> *But it's a different ball-game*
>   *In criminal cases.*[5]
>
> *Was one day's delay*
>   *Too much to expect?*
> *Could the State refuse it*
>   *With all due respect?*
>
> *Did Justice applaud*
>   *Or shed bitter tears*
> *When this news from Savannah*
>   *First fell on her ears?*
>
> *We've considered this case*
>   *Through the night — through*
>     *the day.*
> *As Judge Harrison said,*
>   *"We must earn our poor pay."*
>
> *This case was once tried —*
>   *But should now be rehearsed*
> *And tried one more time.*
>   **This case is reversed!**

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

Argued April 30, 1975 — Decided May 9, 1975.

Robert J. Erb, for appellant.
*Andrew J. Ryan, Jr., District Attorney,* for appellee.

---

[5] See *Hobbs v. State,* 8 Ga. App. 53, 54 (68 SE 515), where it is demonstrated that a motion to continue in a criminal case must not be judged with the same meticulous severity as in civil cases.