50487. SANDERS et al. v. THE STATE.

PANNELL, Presiding Judge.

Clifford Sanders, Robert Hill Sanders, also known as Robert Sanders Hill, and Samuel Sanders, the defendants here, in Count 1 of the indictment, were charged with armed robbery in that with intent to commit a theft they did "take from the person of John David Runyon, the following property to wit: One (1) Harley Chain belt, one (1) leather wallet containing 46 cents in lawful money of the United States of America, of the property of John David Runyon, of the value of $20.46, by use of a pistol and revolver, the same being an offensive weapon, . . ." In Count 2, they were charged with aggravated sodomy upon the victim. In Count 3, they were charged with aggravated assault by striking the same victim with boots alleged to have been likely to produce death in the manner used. They were convicted of robbery by intimidation under Count 1, not guilty under Count 2, and of simple battery under Count 3. The defendants in their testimony admitted giving the prosecuting victim an automobile ride at his request to a place he desired to go, but denied anything as charged had happened. The victim told contradictory versions of the affair, part of which he testified was resurrected by a dream process. One version was that the automobile was stopped in a deserted area, he was pulled from the automobile, threatened with sexual assault, a pistol was pointed at him and his life was threatened if he did not hand over his money. He told them he had no money and exhibited his wallet, and at that time was told to take off his clothes, which he did,

with one of them removing his pants after he had partly taken them off. His pants contained the chain belt, wallet and money. Then with continuing threats on his life, and with beatings, he was sexually assaulted and became unconscious. His belt, wallet and money had disappeared when he recovered consciousness, put on his trousers and left the scene. His shirt and shorts were later found at the scene. Another version was substantially the same, except that he stated the pistol was never pointed at him. Another version was that he did not see a pistol that night at all but he could not afford to take chances that they might have one. The defendants testified that a toy pistol was in the automobile and the prosecuting victim had seen it there. The victim also at one time said that he first saw the pistol in the automobile. A doctor's testimony strongly supported the claim of the sexual assault. Pictures of the victim taken shortly therafter showing bruises on the body and head were in evidence. The defendants appeal their conviction to this court, enumerating error on various charges of the court, failures to charge, and on the overruling of their motion for new trial on the general grounds. *Held:*

1. There was ample evidence to sustain the conviction of robbery by intimidation under Code § 26-1901.

2. Appellant complains because the trial judge failed to charge Code § 26-1802 (a) which provides: "A person commits theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of said property, regardless of the manner in which said property is taken or appropriated." Under the facts of this case, the punishment for this offense is as for a misdemeanor. Code § 26-1812. In *Hensley v. State,* 228 Ga. 501 (186 SE2d 729) it was held that theft by taking, as defined in Code § 26-1802(a), is a lesser offense included in a charge of armed robbery under Code § 26-1902 (compare *Johnson v. State,* 130 Ga. App. 134, 137-138 (3) (202 SE2d 525)); however, it is not error to fail to charge thereon unless the evidence authorizes a finding of the lesser offense. *King v. State,* 127 Ga. App. 83 (192 SE2d 392); *Baker v. State,* 127 Ga. App. 99 (1) (192 SE2d

558); *Hinton v. State,* 127 Ga. App. 108 (192 SE2d 717); *Hill v. State,* 229 Ga. 307 (191 SE2d 58).

The evidence in the present case presented by the state, while it varies as to the pistol being pointed, or held, or even seen, never varied as to the verbal threats on the victim's life all during the affair. A threat on one's life unless one does as told is not less than an immediate threat of serious bodily injury to the victim; and, as constituting a lesser offense was at the least robbery by force or intimidation as defined in Code § 26-1901, which is by express legislative enactment a lesser offense included in the offense of armed robbery. See Code § 26-1902. Here, the evidence discloses either robbery by use of an offensive weapon or robbery by force or by intimidation, with or without the use of an offensive weapon. The trial judge charged both Code §§ 26-1901 and 26-1902. There was no error in failing to charge on simple theft by taking under Code § 26-1802 (a), a misdemeanor in the present case, as there is no evidence of such simple theft as distinguished from the type of thefts given in charge by the trial judge.

3. The trial judge did not err in failing to charge on theft by extortion under Code § 26-1804 (a) (1), which reads: "(a) A person commits theft by extortion when he unlawfully obtains property of or from another person by threatening to: (1) Inflict bodily injury on anyone or commit any other criminal offense; . . ." The threats here, if there were threats, were not merely to "inflict bodily injury" but to kill or inflict "immediate serious bodily injury" to the victim under Code § 26-1901.

4. After the jury had been deliberating for approximately two and one-half hours, the jury requested a recharge on reasonable doubt, which the trial judge gave, and immediately following gave this charge: "Now, Members of the Jury, you have been deliberating upon this case for some period of time and the Court deems it proper to advise you further in regard to the desirability of agreement if possible. The case has been exhaustively and carefully tried by both sides and has been submitted to you for decision and verdict if possible and not for disagreement. It is the law that a unanimous verdict is required and while this verdict must be the conclusion of

each juror and not a mere acquiescence of the jurors in order to reach an agreement, it is still necessary for all the jurors to examine the issues and questions submitted to them with candor and fairness and with proper regard for and deference to the opinion of each other. A proper regard for the judgment of others will greatly aid us in forming our own judgment. This case must be decided by some jury selected in the same manner that this jury was selected and there is no reason to think that a jury better qualified than you would ever be chosen. Each juror should listen to the arguments of other jurors with a disposition to be convinced by them and if the members of the jury differ in views of the evidence, such difference of opinion should cause them all to scrutinize the evidence more closely and to re-examine the grounds of their opinion. Your duty is to decide the issues of fact which have been submitted to you if you can conscientiously do so. In conferring you should lay aside all mere pride of opinion and should bear in mind that the jury room is no place for espousing and maintaining in a spirit of controversy either side of a cause. You should ever bear in mind that as jurors you should not be advocates for either side. The aim to be kept in view is the truth as it appears from the evidence examined in the light of the instructions of the Court. I am going to ask that you begin to retire to your room unless there is some further word of instruction that you think the court. . ."

The charge given here was substantially the same, and identical in most particulars, to the charge given in *Ponder v. State,* 229 Ga. 720 (194 SE2d 78), and held in that case not to be reversible error. See also *Yancey v. State,* 173 Ga. 685, 689 (160 SE 867) and *Ratcliff v. Ratcliff,* 219 Ga. 545 (134 SE2d 605). In our opinion, the charge given was not error, nor was it error to overrule a motion for mistrial made because of this charge.

5. The remaining enumeration of errors was expressly abandoned in appellant's brief and argument.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED APRIL 8, 1975 — DECIDED JULY 16, 1975.

*Herndon & Hubble, Robert E. Herndon, Bennett & Dantzler, Deryl D. Dantzler, Richard M. Nichols,* for appellants.

*Fred M. Hasty, District Attorney, W. Donald Thompson, Walker P. Johnson, Assistant District Attorneys,* for appellee.