## 51310. LUMPKIN v. THE STATE.

Stolz, Judge.

The defendant appeals from his conviction of robbery.

1. The verdict and judgment were supported by the evidence.

2. " 'Generally, granting or refusing a continuance is a matter within the discretion of the trial court, and unless abused, such discretion will not be controlled.' " *Adams v. State,* 130 Ga. App. 323 (1) (203 SE2d 318) and cits. The trial judge did not abuse his discretion, as contended in enumeration of error No. 1, in denying the

defendant's request for a continuance to obtain employed counsel, where no motion for continuance was actually and formally made in the case (*Horton v. State,* 132 Ga. App. 407 (208 SE2d 186)) and where the defendant had been out on bond for eleven months prior to the trial, had been granted a continuance to employ counsel at his arraignment seven months prior to the trial with notice that failure to do so would constitute contempt and result in appointment of counsel, had apparently made no real effort to employ counsel prior to the day of the trial, and where there is no contention or evidence in the record that the defendant's appointed counsel had inadequate time in which to prepare or that he inadequately represented the defendant. See also *Bradshaw v. State,* 132 Ga. App. 363 (2) (208 SE2d 173) and cit.; *Bradley v. State,* 135 Ga. App. 865 (1) (219 SE2d 451).

3. The appellant attempts to raise for the first time in this court an objection to the trial judge's failure to sua sponte give a corrective instruction to the following portion of the prosecuting attorney's closing argument to the jury: "I infer to you if you turn him loose, who's going to be the next victim — one of your relatives, one of your mothers, grandmothers. Possibly, if they're getting old and got money and he feels like he can do it and get away and not get caught. Who is going to be the next victim?" Even if this objection had been timely raised (see *Crowder v. State,* 233 Ga. 789 (3) (213 SE2d 620) and cits.), it would have to be held without merit (see *Chambers v. State,* 134 Ga. App. 53 (4) (213 SE2d 153) and cits.).

4. Where the state's evidence showed that the 22-year-old male defendant knocked the 73-year-old female prosecutrix to the ground, injuring her, and ripped her purse from her grasp with such force that its straps broke, requiring a verdict of robbery by sudden snatching, and the defendant's evidence if believed would require an acquittal on the ground of mistaken identity, it was not error to fail to charge on the lesser included offense of theft by taking. *King v. State,* 127 Ga. App. 83 (192 SE2d 392) and cits.; *Hinton v. State,* 127 Ga. App. 108 (192 SE2d 717) and cit.

*Judgment affirmed. Bell, C. J., Pannell, P. J., Deen, P. J., Quillian, Clark, Webb and Marshall, JJ., concur.*

*Evans, J., dissents.*

SUBMITTED SEPTEMBER 30, 1975 — DECIDED DECEMBER 2, 1975.

*Stephen M. Friedberg,* for appellant.
*Lewis R. Slaton, District Attorney, R. David Petersen, Assistant District Attorney,* for appellee.

EVANS, Judge, dissenting.

This is a case in which defendant was tried and convicted for robbery, in a purse-snatching case.

1. I agree with the majority opinion in Divisions 1 and 3.

2. I agree with the majority opinion in Division 2 with the modification that a judge has not as much discretion in passing upon a request for continuance in a criminal case as in a civil case. *Murphy v. State,* 132 Ga. App. 654-658 (209 SE2d 101); *Brown v. State,* 134 Ga. App. 771 (216 SE2d 356).

3. But I do not agree that it was *not error* for the trial judge to fail to charge on the lesser offense of *theft by taking,* as conviction of the lesser crime would have required a sentence of a shorter term of years than the offense of *robbery.* There was ample evidence to show that the defendant could have been guilty of the lesser offense (theft by taking) instead of the greater offense (robbery).

While it is true the defendant's evidence if proved would require an acquittal because of mistaken identity, nevertheless, the jury is the sole arbiter of the weight to be given the testimony of each witness; and may believe a part of what one witness swears and disbelieve another part; may believe one witness in preference to a thousand who swear in opposition to his testimony. See Code §§ 38-104, 38-105, 38-106, 38-107. Also see *Jackson v. State,* 13 Ga. App. 147 (1) (78 SE 867); *Willis v. State,* 63 Ga. App. 262 (1) (10 SE2d 763); *Largin v. State,* 77 Ga. App. 111, 119 (47 SE2d 895); *Cox v. State,* 172 Ga. 482 (3) (158 SE 17).

The jury could believe part of the defendant's story and part of the victim's story and decide that defendant stole the pocketbook; hence, the court should have

charged on the lesser crime of theft by taking. The jury could have considered such a charge and convicted defendant of the lesser offense, in which case the sentence would have been less. The court must charge on every lesser offense if under the circumstances, the evidence is sufficient to convict of the lesser offense. Code § 26-505; *Hensley v. State,* 228 Ga. 501, 502 (2) (186 SE2d 729).

The Georgia courts have long held that the trial judge, with or without request, should instruct the jury on the general principles of the law which must be applied by them in reaching the correct decision upon the questions submitted for their consideration. *Driver v. State,* 194 Ga. 561, 562 (22 SE2d 83); *Sledge v. State,* 99 Ga. 684 (1) (26 SE 756); *Spivey v. State,* 59 Ga. App. 380, 383 (1 SE2d 60). Failure to charge on a lesser included offense requires the grant of a new trial. *Moore v. State,* 151 Ga. 648, 662 (108 SE 47); *Bloodworth v. State,* 216 Ga. 572 (4) (118 SE2d 374).

I therefore dissent as I would vote to grant a new trial.