## 53650. MALONE v. THE STATE.

McMURRAY, Judge.

This case involves a conviction of robbery by force in which the defendant was sentenced to serve a term of 20 years, 12 in the custody of the State Department of Corrections and/or Department of Offender Rehabilitation with the remainder on probation upon his release from confinement on or prior to the expiration of such 12 years.

Defendant admitted that he had "robbed" the lady but he did not use any force and that the money was there in the drawer and he got it and left. He appeals on the general grounds after his motion for new trial was denied and also because the court erred in failing to instruct the jury on the lesser included offense of theft by taking. *Held:*

1. The jury is the sole and exclusive judge of the credibility of witnesses, and after verdict, a reviewing court must construe the evidence in favor of the judgment rendered and affirm the judgment. See *Stonaker v. State,* 134 Ga. App. 123 (1) (213 SE2d 506), and cits. at p. 124 thereof.

2. The defendant did not testify in this case, but the police officer who apprehended him testified as to certain admissions defendant made to him with reference to the crime and that the defendant stated positively that he had not struck the victim in the theft. In *State v. Stonaker,* 236 Ga. 1 (1, 2, 3) (222 SE2d 354), it is now discretionary for the court on its own volition to charge on a lesser crime of that included in the indictment. But if there is a written request to charge on lesser included crimes in the indictment, and if the evidence warrants such requested charge or charges, it is error for the court to fail to so charge as requested. Here the state offered evidence as to an admission by the defendant that "he had robbed the lady but he didn't use any force [and] that the money was there in the drawer and he got it and left . . . he didn't strike her [and] that as he was leaving the store that she was pursuing him and he thought he heard something fall." If a person unlawfully takes property of another, "regardless of the manner in which said property is taken," this amounts to theft by taking. Code § 26-1802,

as amended (Ga. L. 1974, pp. 468, 469; 1975, pp. 876, 877). Generally, robbery always involves theft or attempted theft, and theft always involves the unlawful taking, obtention, or appropriation of property of another. *Hinton v. State,* 127 Ga. App. 108 (192 SE2d 717). Aliter where the defense is alibi (or mistaken identity), and a lesser crime is not shown by the evidence. See *Timley v. State,* 134 Ga. App. 727 (215 SE2d 735) and cits.

Here, the evidence would have authorized the jury to find that a theft by taking occurred rather than "by use of force" (as the other state's evidence contends), "by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another," or "by sudden snatching" (also as shown by the state's evidence). Likewise, the evidence would have authorized the jury to find that the defendant committed the offense of robbery (by force) as charged in the indictment. See Code § 26-1901. However, the court erred in refusing to give the written request to charge on the lesser crime of theft by taking. See *Sutton v. State,* 123 Ga. 125, 128 (51 SE 316); *Moore v. State,* 151 Ga. 648 (5) (108 SE 47); *Bloodworth v. State,* 216 Ga. 572 (4) (118 SE2d 374); *Hensley v. State,* 228 Ga. 501 (2) (186 SE2d 729).

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

ARGUED APRIL 4, 1977 — DECIDED APRIL 19, 1977.

*William J. Perry,* for appellant.
*John T. Perrin, District Attorney,* for appellee.