### 61638. TISDOL v. THE STATE.

CARLEY, Judge.

Appellant was tried by a jury and convicted of armed robbery. He appeals from the denial of his motion for new trial, as amended.

1. Appellant contends that the trial court erred in refusing to instruct the jury, upon proper written request, on the lesser included offense of theft by taking. The testimony of the prosecuting witness, a route salesman for a beer distributor, made out a case of armed robbery. He testified that after making a delivery to one of his customers and as he was preparing to leave, he was accosted by appellant's co-defendant, pulled from his truck at the point of a gun and robbed of his wallet. He further identified appellant as being present during the robbery and as the driver of the getaway car.

On the other hand, appellant denied that the set of events testified to by the alleged victim amount to an armed robbery. Rather, appellant testified that the entire episode was the result of a planned conspiracy whose membership consisted of appellant,

appellant's co-defendant, and the victim. In the scenario depicted by appellant's testimony, the victim's motive in the purported conspiracy is described as being "because he needed money." In this connection, the money that was the subject of the crime—whatever the crime might have been—belonged not to the victim but to the victim's employer. Appellant testified that he and the co-defendant, in effect, attempted to back out of the planned scheme at the scene of the alleged robbery, that they refused to take the wallet when it was offered and that the victim finally threw the wallet into the front seat of the car and ordered appellant to "spin off" to "make it look like it's real." Appellant further testified that, in fact, he did "spin off" simply "because [the victim] asked me to." Also, the transcript reveals that appellant vehemently denied that either he or the co-defendant used a gun during the events giving rise to the charges alleged in the indictment.

Theft by taking, a lesser included offense of armed robbery, occurs when a person "unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of said property, regardless of the manner in which said property is taken or appropriated." Code Ann. § 26-1802. Assuming that the jury believed appellant's story with regard to the conspiracy and his testimony concerning the victim's throwing the wallet into the car, all three men (appellant, co-defendant and the victim) would be guilty of theft by taking in view of the fact that the money stolen belonged to the victim's employer. Since the money did not belong to the victim, the appellant's driving off with the wallet at the command of one who did not own the wallet does not, as a matter of law, show the absence of "any participation in a crime."

Therefore, we view the evidence and the possible constructions of the same by the jury—under proper instructions—to be as follows: (a) If the jury believed appellant's story in its entirety and determined that appellant was justified—because of fear or otherwise—in obeying the victim's command to "spin off," it would be authorized to acquit the appellant. (b) If the jury was persuaded to accept *all* of the victim's testimony it would be authorized to reach the verdict of guilty of armed robbery, which was the verdict returned. (c) If the jury believed every part of the victim's testimony except that relating to the use of the gun, the jury could convict the appellant of theft by taking. (d) If the jury believed appellant's story in its entirety but determined that appellant was *not* justified in driving off with the wallet containing the money of the victim's employer, it could conclude that appellant, co-defendant and the victim all plotted together to steal the money belonging to the

victim's employer and that, therefore, all three were parties to the crime under Code Ann. § 26-801 and guilty of criminal conduct. Since under appellant's story, no gun was involved, the jury's adoption of this version of the concerned events could also result in the jury finding appellant guilty of the lesser included offense of theft by taking.

Since the evidence warranted a charge on the lesser included offense of theft by taking and appellant made a proper written request for such instruction, the refusal of the trial court to so charge requires the grant of a new trial. *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354) (1976); *Prince v. State,* 142 Ga. App. 734 (236 SE2d 918) (1977); *Malone v. State,* 142 Ga. App. 47 (234 SE2d 844) (1977); *Hensley v. State,* 228 Ga. 501 (2) (186 SE2d 729) (1972).

2. Appellant urges that the trial court erred in overruling his motion to suppress as evidence certain shoes which appellant contends were illegally seized. The state contends that the shoes were properly seized and that they were properly admitted as evidence tending to prove the identity of one of the alleged robbers and to place appellant at the scene of the crime. Assuming without deciding that the trial court erred in denying appellant's motion to suppress, appellant admitted his presence at the crime scene and, thus, "any errors which may or may not have been committed concerning the admission of evidence which tended to place him at the scene of the crime were clearly harmless." *Haney v. State,* 226 Ga. 52 (2) (172 SE2d 592) (1970).

3. Appellant complains of the admission into evidence of an incriminating statement made by him to one of the investigating officers, contending the statement was not freely and voluntarily elicited and made without a knowing and intelligent waiver of his constitutional rights. Prior to admitting the statement, the trial court held a Jackson v. Denno (378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing to determine its admissibility. While appellant testified that he signed the statement because of promises that he would be "let go" if he did so, the GBI agent involved testified that no promises at all were made to appellant, that appellant was not placed under any duress nor was any coercion used to obtain the statement and that all actions on the part of the appellant were strictly voluntary. While appellant contends that because of his mental state and aptitude he did not make and was incapable of making a knowing and intelligent waiver of his rights to remain silent and to have counsel present during interrogation, the GBI agent involved testified that appellant was apprised of the charges against him and informed of his Miranda rights and that appellant seemed to understand such rights. He further testified that after signing a waiver of such rights, appellant

made an oral statement which he (the officer) reduced to writing and which was then read and signed by appellant.

After hearing the evidence and after having an opportunity to observe appellant's actions and demeanor while testifying, the trial court concluded that the statement was voluntary and given after a knowing and intelligent waiver of his constitutional rights. The mere fact that appellant may have been somewhat mentally deficient was not alone sufficient to exclude the statement. *Moses v. State,* 245 Ga. 180 (5) (263 SE2d 916) (1980); see *Hurt v. State,* 239 Ga. 665 (2) (238 SE2d 542) (1977). The trial court's determination was supported by a preponderance of the evidence and was not clearly erroneous. *Rick v. State,* 152 Ga. App. 519, 521 (263 SE2d 213) (1979); *Crawford v. State,* 245 Ga. 89 (2) (263 SE2d 131) (1980). Accordingly, this enumeration is without merit.

4. Appellant urges that the trial court erred in overruling his motion to suppress certain evidence which he contends was illegally seized from the vehicle he was driving at the time of arrest. The evidence sought to be suppressed included a pistol seized from underneath the front seat and certain other items strewn about the car. At the motion to suppress hearing, the state produced evidence that the vehicle searched did not belong to appellant and, in fact, was stolen property. Appellant did not testify in support of his motion to suppress.

In Rakas v. Illinois, 439 U. S. 128 (99 SC 421, 58 LE2d 387) (1978) the Supreme Court held that for a defendant to be entitled to the protections of the exclusionary rule, he must first demonstrate that his individual Fourth Amendment rights have been violated. See also United States v. Salvucci, 448 U. S. 83 (100 SC ——, 65 LE2d 619) (1980). In so doing Rakas reaffirmed the holding of Katz v. United States, 389 U. S. 347, 353 (88 SC 507, 19 LE2d 576) (1967), that the capacity to claim the protection of the Fourth Amendment depends upon whether the person who claims the right has a legitimate expectation of privacy in the invaded places, and the holding of Alderman v. United States, 394 U. S. 165, 174 (89 SC 961, 22 LE2d 176) (1969), that Fourth Amendment rights are personal rights which may not be vicariously asserted.

Applying the foregoing principles to the instant case, we conclude that the trial court did not err in overruling appellant's motion to suppress. Appellant made no attempt to show that he had any legitimate expectation of privacy in the areas of the stolen vehicle where the evidence in question was seized. At trial, appellant did claim that he had permission to use the vehicle but this was only after the evidence sought to be suppressed had been admitted into evidence. Even assuming this claim had been timely asserted, such

permission—in and of itself—would not have been determinative of whether appellant had a legitimate expectation of privacy in the particular areas of the vehicle which were searched. Rakas, supra. For a discussion of the "legitimate expectation of privacy" standard see Mr. Justice Powell's concurring opinion in Rakas, supra. This enumeration is without merit.

5. Having carefully examined the remaining enumeration of error, we find that it is without substantial merit, relates to matter unlikely to recur on retrial, and, thus, is not addressed. *Knowles v. State,* 246 Ga. 378 (14) (271 SE2d 615) (1980).

*Judgment reversed. Banke, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED JUNE 18, 1981.

*Ray Holland, Phillip N. Golub,* for appellant.
*Thomas H. Pittman, District Attorney, C. Paul Bowden, Assistant District Attorney,* for appellee.