### 73383. FELTON v. THE STATE.
(351 SE2d 488)

BANKE, Chief Judge.

The defendant was indicted for two separate armed robberies which allegedly took place at the same bank but almost a year apart. Several eyewitnesses positively identified the defendant as the perpetrator, and their testimony was supported by photographs of the defendant taken by the bank's surveillance camera and a confession ob-

tained from the defendant shortly after he was apprehended leaving the bank after the second robbery. The teller who had been the victim of the first robbery testified that the defendant had pointed a gun at her after giving her a note demanding money. The teller in the second incident testified that the defendant had presented her with a note stating, "Fill up the bag, I have a gun." The defendant had a toy pistol in his possession when apprehended. The jury found the defendant guilty of armed robbery on the first count and robbery by intimidation on the second. *Held*:

1. The evidence presented at trial was amply sufficient to enable any rational trier of fact to find the defendant guilty of the offenses of which he was convicted beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err in failing to give a charge on theft by taking as a lesser included offense. "In *Hensley v. State*, 228 Ga. 501 (186 SE2d 729) it was held that theft by taking . . . is a lesser offense included in a charge of armed robbery . . . ; however, it is not error to fail to charge thereon unless the evidence authorizes a finding of the lesser offense." *Sanders v. State*, 135 Ga. App. 436 (218 SE2d 140) (1975). There was no evidence in this case which would have authorized a finding that the defendant had committed theft but not robbery on either of the two occasions under consideration.

3. The defendant contends that he was afforded ineffective assistance from his retained counsel; however, we do not reach this issue because it was never raised in the trial court. See *Simpson v. State*, 250 Ga. 365 (2) (297 SE2d 288) (1982). Rather, the motion for new trial which was before the trial court raised only the general grounds. Accordingly, this enumeration of error presents nothing for review.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 21, 1986 —
REHEARING DENIED DECEMBER 5, 1986.

*Earl M. McRae, Jr.*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Albert H. Tester, Assistant District Attorney*, for appellee.