## SMITH *v.* THE STATE.

1. The constitution, in guaranteeing that a defendant shall have compulsory process to compel the attendance of his witnesses, does not guarantee their attendance, nor more than ordinary diligence in serving a subpoena.
2. It was not error to charge that it was for the court in the first instance to determine whether the preliminary proof was sufficient to admit the dying declaration, with instruction that this ruling was not conclusive on the jury, who must be satisfied from the evidence that the statement was actually made in the article of death and when the defendant was conscious of his condition.
3. It was not error, under the proved facts, to charge on the law of mutual combat and voluntary manslaughter.

Submitted May 18, — Decided May 30, 1903.

Conviction of manslaughter.    Before Judge Felton.    Bibb superior court.    March 30, 1903.

*John R. Cooper* and *Herman Brasch,* for plaintiff in error.
*William Brunson, solicitor-general,* contra.

LAMAR, J.    1. The defendant had been convicted, and a new trial granted because of the absence of a witness.   It appeared on the second trial that the officers had made diligent search in the county of the witness's residence, and were unable to find him; that his family stated that he had fled shortly before the second trial, in order to escape arrest under a warrant charging him with a criminal offense, and that his whereabouts were unknown.   The discretion of the trial judge in refusing a continuance because of the absence of such witness will not be interfered with.   The constitution provides that the defendant shall have compulsory process to obtain the testimony of his own witnesses, but does not guarantee more than ordinary diligence on the part of the officers, or that they shall serve a witness who conceals himself.   Civil Code, § 5702; *Roberts* v. *State,* 94 *Ga.* 72.

2. The judge charged the jury that it was for the court in the first instance to determine whether the preliminary proof was sufficient to admit dying declarations; but that this ruling was not binding upon them, and that they must be satisfied that the statement was actually made by the deceased, and that he was in the article of death and conscious of his condition at the time of making such declaration.   This was not error.   Penal Code, § 1000 ; *Dumas* v. *State,* 62 *Ga.* 58.

3. It was not error to charge the law of mutual combat and voluntary manslaughter.   From the defendant's statement it appeared that the deceased had a pistol, cursed the defendant, and, in the assault which followed, the defendant fired and killed his assailant. It was for the jury to determine whether under all the circumstances the killing was murder, voluntary manslaughter, or justifiable homicide.    Penal Code, § 65.    From the State's evidence it appeared that the deceased made an assault upon the accused and cursed him, and immediately thereafter the accused followed and shot the deceased from behind.   It was not error for the court to submit to the jury the question whether this conduct on the part of the accused was in the heat of passion on account of the previous

assault, or the result of malice, showing an abandoned and malignant heart.

4. There was no error in the charges given.    The verdict is supported by the evidence; and the judgment refusing a new trial is                          *Affirmed.    By five Justices.*