### 5577. WATTS *v.* THE STATE.

The motion for continuance should have been granted, and the trial judge
   erred in overruling it. There is no substantial merit in the other as-
   signments of error.

DECIDED MAY 16, 1914.

Indictment for sale of liquor; from Laurens superior court—
Judge Hawkins. February 2, 1914.

*R. Earl Camp,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.

WADE, J. It appears from the record that the defendant was in
jail and unable to do anything personally towards securing the
presence of his witnesses at the trial, and that, 78 hours before the
case was called for trial on Tuesday of the court week, subpœnas
for four witnesses in his behalf had been placed by his counsel in
the hands of the proper officer for service. Neither the defendant
nor his counsel could say whether any of the witnesses had been
served. The defendant expected to use all four of these wit-
nesses to impeach the two witnesses sworn for the State, by proof
of general bad character. One of them had actually testified a
short time before in another court that he would not believe one
of the only two witnesses for the State on account of his bad char-
acter, and two of them had called on the defendant in jail some
time before, and had told him they "would be his witnesses." The
record further showed that all of the four absent witnesses were
within the jurisdiction of the court, that they lived within 16 miles
of the court-house, and any one of the number could be reached
"by private conveyance within three hours, or by an automobile in
an hour," and that the same motion, based on the absence of the
same witnesses, had been made on the preceding day, and the
court had allowed the defendant until the following day to get the
witnesses, but no effort to get them had been made by the defendant
or his counsel since the subpœnas had been placed in the hands of
the sheriff several days before. Counsel said he had used all the
diligence at his command, though no attachments had been issued;

as he did not know and could not ascertain whether the witnesses had ever been served with subpoenas, and hence were properly subject to attachment. It appears further that there were other impeaching witnesses present, but this fact in nowise affected the right of the defendant to have the testimony of the absent witnesses, since their testimony might have been of greater probative value before the jury than that of the witnesses present and actually examined on the same lines. It is evident, from the fact that all the witnesses lived in the county and not far from the court-house, that they could have been reached by an officer, by the exercise of such reasonable diligence in the discharge of the duties which the law placed upon him and which the defendant had a right to assume he would perform without more on the part of the defendant than the delivery to him of the proper mandates of the court requiring the presence of these witnesses. *Paulk* v. *State,* 5 *Ga. App.* 567 (63 S. E. 659).

We do not think it was incumbent upon counsel for the defendant, under all the circumstances, even where the case was continued for a day in order that absent witnesses might be obtained, to undertake to serve the missing witnesses, or to burden himself with the labor of ascertaining why the officer entrusted with the subpoenas had not served them, or whether the officer had made all appropriate efforts to do so. Had there been a report that the witnesses could not be found, or a similar report from the officer to whom the subpoenas were delivered, it might have been necessary for the defendant and his counsel to bestir themselves further, and be prepared to make a showing that would warrant the court in allowing such delay as would suffice to procure the witnesses, or to ascertain the possibility or impossibility of their future presence. But where nothing more appears than the simple facts that the witnesses resided in the county in comparatively close proximity to the court, that subpoenas had issued for them more than three days before the day of trial and had been placed in the hands of the proper officer for service, that the witnesses were not present and, so far as shown, had never been served, and their evidence was material, that the showing was not made for delay, etc., the court should have granted the continuance as asked, especially since it appears also from the record that the case was tried on Tuesday, and the court remained in session for the rest of the week, for the

trial of criminal cases; and hence no miscarriage or serious obstruction of justice would have occurred if the court had postponed the trial, as desired by the defendant, to a later day of the same week, and until some definite report by the court officer as to the service of the subpœnas. Penal Code, § 986.

Had the defendant been at large under bond, a greater degree of diligence on his part should have been expected, and many things might have been required of him that could not properly or legitimately be demanded or expected of his counsel, in the exercise of the utmost diligence for his client. It is true it appears from the record that the defendant had been in jail for three weeks and had immediately after his incarceration furnished his counsel with the names of the four witnesses desired; but if counsel had the subpœnas issued and placed in the hands of the proper officer more than 24 hours before the trial of the case could be legally anticipated (Civil Code, § 5849), this was sufficient diligence. It was not incumbent on him to furnish information at any earlier date, to the world at large or to the prosecution in particular, by the issuance of subpœnas, as to what witnesses he expected to use in behalf of the defendant, when the witnesses resided in the county where the trial occurred. As was said in *Hobbs* v. *State,* 8 *Ga. App.* 53 (68 S. E. 515): "Continuances in criminal cases are not governed by the same rule as those in civil cases. In a criminal case a motion for continuance should be granted whenever the principles of justice appear to demand a postponement, whether the witness on account of whose absence the postponement is asked has been subpœnaed or not, if his testimony is material and it appears that the defendant has used all the diligence within his power, and all the means at his command to procure the attendance of the absent witness. A motion for a continuance put upon the ground of absence of a witness, while to some extent addressed to the discretion of the judge, ought generally to be granted if his testimony is material, even though other witnesses present may testify to the same facts as the absent witness would state. The absent witness might be believed, while the witnesses present might be discredited by the jury." See also *Brooks* v. *State,* 3 *Ga. App.* 458 (60 S. E. 211).

No substantial merit appears in the assignment of error on the exclusion of testimony, or on the charge, taken as a whole, and it

is unnecessary to discuss these assignments in detail, since the same points will probably not arise on a second trial.

*Judgment reversed.*