## 11419.   SMITH v. THE STATE.

BROYLES, C. J.   Under the facts of the case the court erred in overruling the defendant's motion for a continuance, and this error rendered the further proceedings upon the trial nugatory.

*Judgment reversed.   Luke and Bloodworth, JJ., concur.*

DECIDED MAY 11, 1920.

Indictment for sale of liquor; from Marion superior court — Judge Howard.   February 21, 1920.

Under an indictment charging that on October 4, 1919, he had in his possession and sold intoxicating liquor, Elder Smith was convicted on testimony of Red Smith, who swore that on the night of that day the defendant sold to him in Tazewell, Marion county, a half-pint of whisky in the presence of Willis Stewart and John Flournoy.   The only witness at the trial besides Smith was Frank Walton, who testified to a contradictory statement of Smith.   One of the grounds of the defendant's motion for a new trial, the overruling of which is assigned as error, was the refusal of the court to continue the case and allow him time to get his witnesses.   In the record it is stated:   "When the case was called for trial about 9 o'clock on the morning of 29th of October, 1919, defendant's counsel stated that he had just been employed, and asked for time to get his witnesses, all of whom lived a short distance from town.

The solicitor passed the case until afternoon.  Defendant immediately got subpoenas for these witnesses, to wit, Simon Trice, Big Johnson Roberts, Tobe Carson, and Sim Blue, delivered them to the sheriff, and told him where to find the witnesses, and told him to serve them.  The case was again called about 3 o'clock in the afternoon of the same day.  Defendant's counsel, in open court, called the witnesses and they failed to answer; he then asked the sheriff if they had been served; he said he gave the subpoenas to Bailiff L. E. Wiggins, with instructions to serve them, and that he had ample time to have done so.  Wiggins then stated that he had the subpoenas in his pocket and had not tried to serve them, that he meant to serve them after court adjourned for the day.  Counsel for defendant moved for a continuance of the case and stated in his place that since his employment he had done all he could to get ready for trial, that the officer had had the subpoenas long enough to have served the witnesses if they had tried, and that he had not had sufficient time to prepare for trial.  It was also shown that the indictment was returned into court on the 27th day of October, 1919.  Defendant was then sworn and testified that his witnesses were not absent by his permission or consent, that he had gotten subpoenas for them through his attorney, delivered them to the sheriff, and told him where each witness lived and could be found, and the officers had had ample time in which to serve them, that he did not make the motion for the purpose of delay, but to get his witnesses, that they live in Marion county and he expected to have them at next court, that he expected to prove by each of said witnesses that they were with him and in his immediate presence all the time that he was with Red Smith at the time he is charged with selling Red Smith the whisky, and they will each swear that he never let Red Smith have any whisky, that they went to Tazewell with the defendant and were with him until he left, and know that he did not have any whisky, but that Red Smith had whisky there on that occasion.  The motion was overruled by the court.  Counsel for defendant then asked that the case be passed until the next morning and that the officer be sent for the witnesses; which was also refused, and the case proceeded to trial."

In the motion for a new trial it is stated that the movant " attaches hereto the affidavits of said absent witnesses, showing their

evidence;" and affidavits of Simon Trice, Willis Stewart, John Flournoy, Tobe Carson, and Sim Blue are attached, in which it is stated that on the night of October 4, 1919, they saw Elder Smith when he came to Tazewell, and that they were with him until he left Tazewell that night, and saw Red Smith all the time that he was with Elder Smith, that Elder Smith did not furnish or sell to Red Smith any whisky or other intoxicant that night, and could not have done so without their seeing it, and that Red Smith was the only person there who had whisky.

*W. D. Crawford,* for plaintiff in error.

*C. F. McLaughlin, solicitor-general,* contra.