## 49672. MURPHY v. THE STATE.

WEBB, Judge.
Defendant was indicted for aggravated assault upon Norman Campbell, a co-employee whom defendant shot in the leg. Defendant's sole defense was to be insanity at the time of the act caused by a fit of epilepsy, at which time defendant did not comprehend what he was doing, became violent, and had no recollection of the act

afterwards.

When the case was called for trial, defendant moved the court to have defendant's doctor, who had been treating him for epilepsy but who had failed to respond to his subpoena, brought before the court as a witness, and to continue the case until the witness could be made available to him. The court did not respond to defendant's motion to have the witness produced, and the state insisted that defendant make the formal showing for continuance as provided for by Code Ann. § 81-1410. At the hearing the state conceded that epilepsy could be a defense to a crime (see Criminal Code §§ 26-702, 26-703; *Quattlebaum v. State,* 119 Ga. 433 (1) (46 SE 677); *Roberts v. State,* 3 Ga. 310), and all requirements of § 81-1410 were met by defendant except that he could not show he could produce the witness at the next term of court and could not state what the doctor's testimony would show, other than that he had prescribed medication for defendant's grand mal seizures. Defendant was unable to show these matters because the doctor refused to communicate with defendant's attorney or to obey the subpoena to come to court.

The trial court refused to postpone or continue the case, and it proceeded to trial. The court charged the jury the law with respect to defendant's defense of insanity at the time of the act, and the jury returned a verdict of guilty. Defendant appeals from the judgment of conviction and sentence. *Held:*

1. It is readily apparent that the doctor's testimony was material, if not vital, to the defendant's sole defense. *Ryder v. State,* 100 Ga. 528 (1-3) (28 SE 246). The state contends, however, that since defendant could not show he could produce the witness at the next term of court and could not state precisely what the doctor's testimony would be, the continuance was properly refused under Code Ann. § 81-1410.

In the context of this case, where the doctor witness was totally unco-operative and uncommunicative, refusing to discuss the matter, to answer letters, to converse over the telephone or to come to court, it is our view that these requirements of § 81-1410 are at war with the accused's constitutional guarantee of compulsory

process to obtain the testimony of witnesses. Art. I, Sec. I, Par. V., Constitution of 1945 (Code Ann. § 2-105). Having properly subpoenaed the witness, the only course open to defendant when he did not appear was to move the court to have him produced and to move for a continuance or postponement until he was made available to defendant. This the defendant did, and it is not contended that the court lacked the power or the means to accomplish it. See Code Ann. §§ 38-801 (f), 24-104, 24-105, 27-414; *Pullen v. Cleckler,* 162 Ga. 111 (132 SE 761) and cases cited.

In *Roberts v. State,* 72 Ga. 673, defendant moved for a continuance on the ground that he had applied for and obtained an order to produce a witness from jail, but the judge who granted the order refused to furnish an officer to execute it. In reversing the overruling of the motion, the Supreme Court stated: "The trouble was the refusal of the court to furnish the officer to execute the process. The record furnishes no evidence of a denial that the officer was not furnished by the court to execute this process. Without the officer to execute it, it was 'mere ashes on the lips' — a mere *brutum fulmen* . . . The bill of rights of this state declares that 'every person charged with an offense against the laws of this state . . . shall have compulsory process to obtain the testimony of his own witness.' [Citation omitted.] How can he compel the witness to attend, imprisoned in the penitentiary, without an officer of the court to execute the compulsory process, and secure the presence of the witness? . . . The order was granted, but the court refused to furnish the officer to execute it; thereby the order itself had been as well refused." *Roberts v. State,* 72 Ga. 673, 676, supra. Accord: *Smith v. State,* 25 Ga. App. 324 (103 SE 198), where this court reversed the overruling of defendant's motion for continuance since the court officers failed to serve the subpoenas and the court refused to send the officers for the witnesses or to continue the case. To the same effect are *Thomas v. State,* 95 Ga. 484 (1) (22 SE 315); *Paulk v. State,* 5 Ga. App. 567 (1) (63 SE 659), where it is said: "A continuance (or a postponement at least) should be granted where it appears that a witness is absent whose testimony in behalf of the defendant is material, if in addition it is made to appear that the

defendant has used all the diligence within his power and all the means at his command to procure the attendance of the absent witness, and that the witness is within the power of the court's subpoena." *Hobbs v. State,* 8 Ga. App. 53, 56 (2) (68 SE 515); *Brown v. State,* 8 Ga. App. 412 (69 SE 316); *Watts v. State,* 14 Ga. App. 600 (81 SE 902).

"It may be well to remark that we do not approve of the practice of placing the onus of attaching witnesses upon parties at whose instance they have been subpoenaed. It subjects the parties to a disadvantage. It brings them in conflict with the witness on whom they may have to rely, and as a general thing, we think where a witness shows a disposition to keep out of the way, the court ought to enforce obedience to its precepts by calling upon its own officer to move in the matter." *Runnals v. Aycock,* 78 Ga. 553, 557 (3 SE 657).

"Where one convicted of murder has made a motion for a new trial, and the same is set for hearing in a county other than that in which the trial was had, and the defendant offers and the court allows an amendment to the motion, setting up that certain witnesses residing in the county in which the case was tried know facts which are material to his case and refuse to testify thereto voluntarily by affidavit or otherwise, and that such testimony is newly discovered, all of which is supported by proper affidavits it is error for the court to refuse to grant the motion of the defendant, contained in such amendment, that the court continue the hearing and afford him its aid in procuring the desired testimony." *Thompson v. State,* 138 Ga. 267 (1) (75 SE 357).

We conclude that defendant here was not afforded compulsory process since the trial court refused, on motion, to enforce the subpoena and compel the attendance of the witness. In these circumstances the subpoena was, as said in *Roberts v. State,* 72 Ga. 673, supra, a mere *brutum fulmen* and "itself had been as well refused." No impediment to the enforcement of the subpoena appears here as was the case in *Smith v. State,* 118 Ga. 61 (44 SE 817) where the witness had fled and was concealing himself. We hold that, under the circumstances of this case, it was reversible error for the trial court to overrule the motion to have the witness

produced and to postpone or continue the case until that time.

2. Remaining enumerations of error are without merit.

*Judgment reversed. Pannell, P. J., and Evans, J., concur.*

ARGUED SEPTEMBER 4, 1974 — DECIDED SEPTEMBER 23, 1974.

*Harmon T. Smith, Jr.,* for appellant.

*Jeff C. Wayne, District Attorney, Rolan H. Stroberg, Assistant District Attorney,* for appellee.