**Charles Edward COX**

v.

**James ROSE, Warden, Tennessee State Penitentiary.**

**No. CIV–1–74–56.**

United States District Court,
E. D. Tennessee, S. D.

Jan. 7, 1975.

Jerry H. Summers, Chattanooga, Tenn., for petitioner.

Alex B. Shipley, Jr., Bart Durham, Asst. Attys. Gen., Nashville, Tenn., Ed-

ward E. Davis, Dist. Atty. Gen., Chattanooga, Tenn., for respondent.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is a proceeding upon a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 wherein the petitioner seeks to vacate a conviction and 10 year sentence for armed robbery in the case entitled "State of Tennessee v. Charles Edward Cox," Docket No. 119,-344 in the Criminal Court for Hamilton County, Tennessee. This action was originally filed against the Sheriff of Hamilton County, Tennessee, in whose custody the petitioner was at the time the petition was filed. The petitioner has since been placed in the custody of the warden of the Tennessee State Penitentiary, and he will accordingly be substituted as the proper party respondent.

The single issue raised in the present petition is whether the petitioner was denied his right to due process under the Fourteenth Amendment of the Federal Constitution when the state trial court overruled his request for a continuance which he sought to enable him to obtain the deposition of his brother, Melvin Cox, who was at that time confined in an out-of-state penal institution and who was expected to testify that he, rather than the petitioner, committed the robbery in question. Exhaustion of state court remedies is predicated upon the above issue having been presented and adversely ruled upon by the State Court of Criminal Appeals.

Counsel was appointed for the petitioner. The case is presently before this Court upon the petition for habeas corpus, the respondent's motion for summary judgment, the record of the proceedings in the state courts and upon the evidence received in the course of evidentiary proceedings in this court, including the testimony of the petitioner and the deposition of his brother, Melvin Cox.

The record before the Court establishes the following relevant facts. Upon May 11, 1970, two armed men committed a daylight robbery at the By-Ryt Supermarket in Hamilton County, Tennessee. A third person may have operated the getaway vehicle. Three of the store employees who were present during the robbery identified the petitioner and one Jesse Jones from police photographs as having been the armed robbers. Upon learning that he was wanted in connection with the robbery, the petitioner fled to Kentucky where he was apprehended some three months later.

In the meanwhile, on July 15, 1970, an indictment was returned charging the petitioner and Jones with having committed the robbery. Following the petitioner's arrest in August of 1970, the case was initially set for trial upon September 15, 1970. For reasons not apparent in the record, the trial was reset for January 6, 1971, and again for April 1, 1971, at which time the trial commenced. A faulty indictment resulted in a mistrial, however, and a trial upon a new indictment was subsequently set for September 28, 1971.

Prior to September of 1971 Melvin Cox had been in fugitive status and his presence as a witness had not been sought by the petitioner. However, on the September 28, 1971 trial date the petitioner moved for a continuance to enable him to secure the presence of Melvin Cox as a witness. The petitioner's motion to continue was granted and the case was reset for trial upon December 2, 1971. At the September 1971 trial date Melvin Cox was committed to the Federal Penitentiary at Leavenworth, Kansas, upon two consecutive 20-year sentences for bank robbery. At that time he was also under two life sentences for murder in the States of Idaho and Oregon. Following the September 1971 continuance, steps were then initiated by the petitioner to secure the presence of Melvin Cox as a witness by means of a writ of habeas corpus ad testificandum.

However, prior to the December 1971 trial date the petitioner and his family concluded that they could not afford the expense of bringing Melvin Cox to Tennessee under a writ of habeas cor-

pus ad testificandum, and on December 1, 1971, a motion was filed on behalf of the petitioner to again continue the trial to enable him to procure the deposition of Melvin Cox pursuant to T.C.A. § 40–2428. This motion was first presented to the state trial judge when the case was called for trial upon December 2, 1971. At the time the motion to continue was presented to the state trial court the only matter presented in corroboration of the motion was the affidavit of the petitioner's attorney that, on the basis of a letter from Melvin Cox, he believed that Melvin Cox would testify that the petitioner was in no way involved in the robbery and that he, Melvin Cox, committed the robbery. After receiving the argument of counsel and after reviewing the history of the case, the state trial court declined to grant the defendant's motion to continue, and the case proceeded to trial. In the course of the trial three witnesses present at the robbery positively identified the petitioner as one of the armed robbers. When presented with a photograph of Melvin Cox, they each denied having seen him at the robbery. The petitioner, along with certain relatives, denied his participation in the robbery and placed the responsibility for the robbery upon his brother, Melvin Cox. The trial resulted in the petitioner being found guilty of armed robbery and being sentenced to a term of ten years. The petitioner appealed his conviction, contending that the trial court's action in denying his motion to continue amounted to a denial of due process of law. The state appellate court, after reviewing the record, concluded that there had been no abuse of discretion on the part of the trial court in denying the motion for a continuance and affirmed the petitioner's conviction. Cox v. State (Tenn.Ct. of Cr.App., Nov. 28, 1972), cert. denied (Tenn.S.Ct., 1973), cert. denied, 414 U.S. 821, 94 S.Ct. 116, 38 L.Ed.2d 54 (1973).

■■ The rule has long been established that the granting or denying of a continuance rests in the sound discretion of the court in which the application is made and, in the absence of an abuse of discretion, its ruling thereon will be upheld. Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; Frohwerk v. United States, 249 U.S. 204, 39 S.Ct. 249, 63 L.Ed. 561; Hardy v. United States, 186 U.S. 224, 22 S.Ct. 889, 46 L.Ed. 1137; Giancalone v. Lucas, 445 F.2d 1238 (6th Cir. 1971), cert. denied, 405 U.S. 922, 92 S.Ct. 960, 30 L.Ed.2d 793. The rule just stated is the rule applicable upon appellate review. It should be borne in mind that the present post-conviction proceeding does not present an appellate review. Rather, upon habeas corpus, this Court may look only for a violation of a right secured to the petitioner by the United States Constitution and not for trial errors that might call for an application of the supervisory powers of an appellate court. The issue here presented is one of due process of law, with the touchstone being, not simply abuse of discretion, but rather denial of fundamental fairness. See Donelly v. de Christoforo, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). In particular, the narrow question presented in this case is whether the denial of a continuance by the state trial court was so fundamentally unfair as to deprive the petitioner of a fair trial.

There are no precise rules uniformly applicable for deciding in a criminal case when a denial of a continuance is so arbitrary as to violate due process. As stated in the case of Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921:

"The matter of a continuance is traditionally within the discretion of a trial judge, and it is not every denial of a request for more time that violates due process . . . There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particu-

larly the reasons presented to the trial judge at the time the request is denied."

■ The record in this case reflects that when the state trial judge denied the petitioner's motion for a continuance, that court was confronted with a record reflecting some 18 months' delay in getting the criminal case to trial. Although a major portion of this delay appears to have been attributable to the failure of the prosecution to secure a proper indictment, the delay of the trial from September 1971 until December 1971 was solely for the purpose of enabling the petitioner to procure the presence or the testimony of the witness, Melvin Cox. That witness being in penal custody in another jurisdiction and being beyond the subpoena power of the State, the petitioner was confronted with the necessity of either procuring the witness's presence by means of a writ of habeas corpus ad testificandum or by means of deposition as provided by state statute. T.C.A. § 40–2428. Knowing of the December 2, 1971 trial date, the petitioner, through his retained counsel, elected to utilize the full two months' period of delay granted by the trial court in pursuing the habeas corpus route and further elected to abandon that route in favor of seeking the witness's deposition only the day before the criminal trial was scheduled to commence. In fact, the motion to continue was not presented unto the state trial judge until the day the trial was to commence.

■ It is uniformly agreed that a continuance sought because of the absence of a material witness is properly denied where an accused fails to exercise reasonable diligence in his attempt to obtain the missing testimony. Neufield v. United States, 73 U.S.App.D. C. 174, 118 F.2d 375, cert. denied, 315 U.S. 798, 62 S.Ct. 580, 86 L.Ed. 1199; Zamora v. United States, 9 Cir., 112 F.2d 631. *See also,* anno. 9 A.L.R.3d 1180. Where statutes authorize the taking and use of depositions in criminal cases, a postponement sought for the purpose of procuring such evidence is properly denied in the absence of a showing of diligence in attempting to secure such testimony. *See* Watts v. State, 14 Ga. App. 600, 81 S.E. 902; State v. Davies, 33 S.D. 243, 145 N.W. 719; *see also* 17 Am.Jur.2d, "Continuance" § 32.

It may further be noted that, although the recent deposition of Melvin Cox reflects his willingness under his present circumstances, including his 40-year sentences for bank robbery and his two life sentences for murder, to assume responsibility for the subject robbery and to exonerate his brother, the only matter presented to the state trial court regarding either the nature of his testimony or his willingness to testify was certain admissions made by him in correspondence with his mother. The probability of obtaining the anticipated testimony was, when viewed as of the time the motion was made, insufficiently presented to the state trial judge to render his denial of a continuance an abuse of discretion. *See* 17 Am.Jur.2d, "Continuance" § 31.

■ Finally, it may be noted that it it is at least questionable upon the present record whether the petitioner has made an adequate showing of prejudice by reason of the state trial judge's having denied his motion for a continuance. As previously indicated in the recitation of the facts material to the present petition, the petitioner presented his defenses of mistaken identity and alibi, and the jury chose not to believe him or his witnesses. Rather, it chose to believe the state's witnesses who specifically denied the petitioner's contention in this regard. In view of the prior criminal record of both the petitioner and his brother, Melvin Cox, and in view of Melvin Cox's virtual immunity from further prosecution by reason of his multiple life sentences, there would appear to be an insufficient showing in the present record of prejudice to the petitioner in the denial of his motion for a continuance. A trial court's denial of a continuance generally will not be disturbed, even upon appeal, in the absence of a specific showing of

prejudice. Giancalone v. Lucas, 445 F.2d 1238 (6th Cir. 1971), cert. denied, 405 U.S. 922, 92 S.Ct. 960, 30 L.Ed.2d 793; United States v. Moore, 419 F.2d 810 (6th Cir. 1969); United States v. Sisk, 411 F.2d 1192 (6th Cir. 1969), cert. denied, 396 U.S. 1018, 90 S.Ct. 584, 24 L.Ed.2d 509; United States v. Decker, 304 F.2d 702 (6th Cir. 1962).

Upon considering all of the circumstances of this case, the Court is unable to conclude that the petitioner's trial was so fundamentally unfair as to amount to a denial of due process. An order will enter dismissing the petition for a writ of habeas corpus.