## 50440. MURPHY v. THE STATE.

DEEN, Presiding Judge.

This is the second appearance of this case. On both occasions the defendant was convicted of aggravated assault after a jury trial. According to the testimony (by the same witnesses in each case) the defendant, the victim, and witnesses Kiser and Peterson were fellow employees of Cagle's. The defendant was angered by an action taken by the victim in the course of the employment, left the room, and returned in a few moments with a gun which he discharged point blank at Campbell. The first conviction (*Murphy v. State,* 132 Ga. App. 654) was reversed in this court because the defendant, pleading insanity due to epilepsy, subpoenaed a doctor who failed to appear. In the present case the doctor was brought into court and stated that he had seen the defendant only one time, some twenty years previously. He was thereupon excused by both sides.

1. "[A]ny ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." Code Ann. § 81A-160 (h). The first three enumerations of error are identical with those in *Murphy v. State,* supra; were passed on by this court and were held

without merit. Insofar as evidence is involved in making the determination, we have compared the evidence on the two trials and found that the same witnesses gave substantially identical testimony in each. Therefore, these enumerations will not be further examined.

3. The defendant moved for a mistrial because a witness introduced by the state for "rebuttal" purposes and whose name was not on the witness list testified that he was in the vicinity at the time of the shooting and heard Murphy tell his brother shortly afterward: "I just killed a man." The brother asked why and the defendant said, "He wolfed off at me."

Defendant moved for a mistrial on the ground that this was new testimony, not in rebuttal to any prior evidence, and was so offered because the state had failed to put the witness' name on the list given the defendant. The court, although overruling the motion, stated: "I believe we can overcome any of your claim to prejudice, and I'll do everything possible within the law to do so." He then instructed the jury to "reemphasize the instructions that you will not consider any of the evidence of the witness, Jim Kiser. It will have no bearing whatsoever on your verdict — you will not even deliberate it or consider it. You will completely absent all of that testimony from your minds and thoughts." The court then reminded the jury that they were selected from the most upright and intelligent citizens, that the court had confidence that they would understand and obey these instructions, and even repeated these remarks in other language, ending by reprimanding the assistant district attorney, who replied, "I stand rebuked." The court did everything in its power to correct the dangerous and unjustifiable error which had been committed. Even so, this court might well reverse on the ground that recounting a res gestae confession erroneously introduced may not be expungeable from the minds of the jury even by the most cogent language. In the present case, however, the testimony is uncontradicted and demands a finding that the defendant did in fact become angered by an act of Campbell, whom he did not even know, that he left the room, returned with a gun; and shot him point blank, without any reason or excuse. Under these circumstances,

and in view of the strong measures taken by the trial court, we hold that the refusal to grant the mistrial is not reversible error.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

SUBMITTED APRIL 9, 1975 — DECIDED APRIL 17, 1975.

*Harmon T. Smith, Jr.,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.