## 54970. WOODCOCK v. THE STATE.

WEBB, Judge.

Ray Anthony Woodcock appeals from his conviction of homicide by motor vehicle, second degree, and sentence of 12 months and fine of $750.

1. Woodcock's contention that the denial of his attorney's motion for a continuance forced him to trial without benefit of counsel is without merit. At the time of his arraignment he had retained a lawyer, but for one year he made no attempt to contact his attorney or to seek court-appointed counsel. The Sheriff of Pierce County personally brought him before the trial judge for an attorney to be appointed 12 days before trial. Woodcock stated to the judge when the case was called that he had a twelfth grade education, knew who his lawyer was and that he was supposed to see him, but that because he had "been busy" he did not do so even though he was out on bond the entire time. Moreover, the transcript reveals that he was afforded a very efficient defense.

"Granting or refusing a continuance is a matter within the sound discretion of the trial court, and absent a clear showing of abuse, this court will not reverse for refusing to grant a continuance. [Cits.] 'Mere shortness of time . . . does not ipso facto show a denial of the rights of an accused. Something more is required.' [Cits.]" *Pope v. State,* 140 Ga. App. 643 (1) (231 SE2d 549) (1976). We find no abuse of discretion here.

2. Evidence of the chain of custody was sufficient to

preserve the identity of the blood sample taken from Woodcock. Testimony of the arresting and investigating officers showed that Woodcock, with the smell of alcohol about him, was taken to the hospital immediately after the accident. The blood sample was taken by a nurse at the hospital under the supervision and at the request of one of these witnesses, who then brought the sample back to the state patrol station and mailed it to the state crime lab in Savannah. An expert from the crime lab testified that he picked up the sample at the post office and that it was analyzed under his supervision. The report was admitted in evidence.

"The evidence shows that the blood sample was handled in the normal course of testing and there is nothing in the record that creates a suspicion that the blood tested was other than that taken from the defendant. The identity of such blood samples need not be proved beyond all possibility of doubt or that all possibility of tampering with them be excluded. The circumstances need only establish reasonable assurance of the identity of the sample. [Cit.]" *Patterson v. State,* 224 Ga. 197, 199 (2) (160 SE2d 815) (1968); *Meadows v. State,* 135 Ga. App. 758, 759 (219 SE2d 174) (1975). The evidence here was properly admitted.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED JANUARY 10, 1978 — DECIDED FEBRUARY 2, 1978.

*Carroll Russell,* for appellant.
*Dewey N. Hayes, District Attorney, C. Deen Strickland, Assistant District Attorney,* for appellee.