## 58200. DAVIS v. THE STATE.

BIRDSONG, Judge.

The appellant Davis was convicted of theft by conversion and sentenced to five years, three to serve and two on probation. Davis is an attorney who received $925 from a client in satisfaction of a judgment against the client. The money was paid to Davis for remittance to the winning litigant. Davis candidly admitted at trial (thus judicially confessing) that he had received the $925 and diverted it to his own purposes, spending the money for a business trip to Florida. Davis enumerates three errors. *Held:*

1. In his first enumeration Davis contends that the trial court erred in overruling a motion for new trial. The

motion was based on the general grounds. As a part of this enumeration and as the basis for the motion, Davis alleges that the court erred in its charge on intent. In effect the appellant urges that, where the court charged that intent may be inferred from proven circumstances or by acts or conduct, the court lessened the necessity of proof of intent beyond a reasonable doubt by allowing the jury to infer intent. While this argument is somewhat ingenious, it is without merit. The trial court gave its instruction on criminal intent in proper and approved language. See *Bass v. State,* 237 Ga. 710, 711 (229 SE2d 448); *State v. Moore,* 237 Ga. 269, 270 (227 SE2d 241); *Phillips v. State,* 230 Ga. 444, 445 (2) (197 SE2d 720). In addition the court charged that the burden of proof lay upon the state and that the state had to prove each part of the crime charged beyond a reasonable doubt. The charge also included the requirement that the jury find as an essential element of the crime charged, beyond reasonable doubt, the element of intent. The charge fairly and fully presented the issue to the jury and in no wise tended to shift the burden or to lessen the burden. *Moore,* supra, p. 270. There was ample evidence to support the jury's verdict.

2. In his second enumeration, appellant contends that the true reason for this criminal trial was to establish grounds to disbar the appellant as a practicing attorney. No such contention was made at the trial level and this is presented to us for the first time on appeal.

Appellate courts exist for the correction of trial error, where proper objection is taken. *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224). Where enumerated error on appeal attempts to raise for the first time questions not raised in the trial court, they present nothing for decision. *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762); *Cauley v. State,* 137 Ga. App. 814, 815 (224 SE2d 794); *Johnson v. State,* 128 Ga. App. 69 (1) (195 SE2d 676).

3. In his last enumeration of error, appellant contends that the sentence imposed was unduly harsh and constitutes cruel and unusual punishment. The sentence imposed was well within the limits authorized by law. Any question as to the excessiveness of a sentence, which is otherwise legal, should be addressed to the sentence review panel. *Chandler v. State,* 143 Ga. App. 608, 609 (5)

(239 SE2d 158). This enumeration lacks merit.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED JULY 10, 1979 — DECIDED OCTOBER 5, 1979.

*Thomas F. Allgood,* for appellant.
*Richard E. Allen, District Attorney,* for appellee.