58188. SCOTT v. THE STATE.
58189. BACON v. THE STATE.

QUILLIAN, Presiding Judge.

Both defendants appeal their convictions in a joint trial for the possession of marijuana, and defendant Scott her conviction for the sale of marijuana. *Held:*

1. Error is claimed because the trial court denied defendants' motion for a continuance because of their attorney's illness. The record shows that after defendants were indicted they employed an attorney to represent them who withdrew before trial because he had not received his fee. Defendants had applied for and had been denied indigent status and were told by the court two weeks before trial to get a lawyer as they were going to be tried. Two days before trial defendants employed another attorney. When the trial started defendants appeared without counsel and presented the judge a letter from their attorney which stated that he would not be able to participate in a trial because of "medical restrictions," would need more time to prepare a defense, and asked if the judge would entertain a motion for continuance from defendants. The court denied the letter request for continuance because it did not meet the statutory requirements and informed defendants that they would defend themselves because, as non-indigents, they were not qualified for appointed counsel. The court sent for the public defender who arrived during the course of the trial to sit with and assist defendants in defending themselves.

Code Ann. § 81-1413 states that absence of counsel because of illness shall be a sufficient ground for continuance provided the party making application swears that he can not safely go to trial without the services of the counsel, expects his services at the next

term, and that the application is not made for delay only. Defendants clearly did not meet the requirements of this statute.

"It is the defendant's duty to employ counsel to aid in the preparation of his defense in advance of the trial of the case. [Cits.] . . . Where counsel is ill when employed, a continuance because of such illness will not be granted. [Cit.] . . . Generally, granting or refusing a continuance is a matter within the discretion of the trial court, and unless abused, such discretion will not be controlled. [Cits.]" *McLendon v. State,* 123 Ga. App. 290, 295, 296, 297 (180 SE2d 567). We find that the court did not abuse its discretion in denying the request for continuance.

2. Defendants also claim error because the court did not appoint a counsel for them when the request for continuance was denied. Defendants were free on bond for six months prior to trial, had been declared non-indigent, did not pay their initial attorney who withdrew from representation for that reason, were told by the trial judge two weeks before trial to get a lawyer as they were going to be tried, and waited until two days before trial to employ a second attorney who, for medical reasons, was incapable of participating in the trial. "If the accused has means to employ counsel and is out upon bond, and has opportunity to secure counsel, and neglects or refuses to do so, the court is under no obligation or duty to appoint counsel to represent him." *Clarke v. Cobb,* 195 Ga. 633, 640 (24 SE2d 782). Under the circumstances, the court did not err by not appointing counsel for defendants.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED JULY 10, 1979 — DECIDED OCTOBER 19, 1979.

*Jack E. Carney, Jr.,* for appellants.
*Dupont K. Cheney, District Attorney,* for appellee.