## 59294. GILMORE v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted, tried and convicted of the offense of violation of the Georgia Controlled Substances Act. Count 1 involved the sale of cocaine on a certain date and Count 2 was for the possession of other cocaine on that date. He was sentenced to serve a

term of 10 years (8 years to serve followed by 2 years on probation) as to Count 1 and 5 years as to Count 2 to be served concurrently with the sentence as to Count 1. Motion for new trial was filed and denied, and the defendant appeals. *Held:*

The sole enumeration of error is to the denial of defendant's motion for continuance and in forcing him to stand trial without the presence of a necessary and material witness, thereby denying defendant his constitutional right to a fair trial in that defendant had done all within his power to secure the necessary witness. There are certain elements which must be shown in all applications for continuance upon the ground of the absence of a witness. They are: "[1] the witness is absent; that [2] he has been subpoenaed; that [3] he does not reside more than 100 miles from the place of the trial by the nearest practical route; that [4] his testimony is material; that [5] such witness is not absent by the permission, directly or indirectly, of such applicant; that [6] *he expects he will be able to procure the testimony of such witness at the next term of the court;* and that [7] such application is not made for the purpose of delay, but to enable the party to procure the testimony of such absent witness." (Emphasis supplied.) The applicant must also state the facts expected to be proved by such absent witness. Code Ann. § 81-1410 (Ga. L. 1959, p. 342). At the hearing of this motion it was determined that all elements which must be shown for the granting of a continuance were present except that the defendant could not advise that he would be able to procure the testimony of such witness at the next term of court or, for that matter, any future term of the court.

The absent witness was one "Walter Renfroe." The substance of the case is that an undercover agent was using Renfroe as an informant. On the date in question the undercover agent picked up Renfroe and then located the defendant, asking him to meet at Renfroe's house. The agent's testimony is that in the residence of Renfroe the defendant handed him a clear plastic bag containing a white substance believed to be cocaine (later determined to be cocaine). The defendant testified and contended that the said Renfroe possessed the white powder and that upon seeing what was going on, he left the premises and went outside, followed by the agent and Renfroe. The agent testified that once outside the defendant was arrested and that the agent observed the defendant place additional suspected cocaine on the tire of the automobile. In this case the absent witness Renfroe was subpoenaed by both the state and the defense. Also, there were criminal charges pending against the said Renfroe, the absent witness.

It is admitted here that the defendant has been diligent in his

efforts to procure the attendance of the absent witness and that the witness is within the power of the court's subpoena. The defendant here bases his ground for reversal as to the denial of his motion for continuance on *Murphy v. State,* 132 Ga. App. 654, 656-657 (209 SE2d 101), and the various cases cited therein. This court concluded in that case that the defendant was not afforded compulsory process since the trial court refused, on motion, "to enforce the subpoena and compel the attendance of the witness." But in that case there was no impediment in the enforcement of the subpoena as appears in *Smith v. State,* 118 Ga. 61 (44 SE 817), where the witness had fled and was concealing himself. Consequently, that case is not controlling here for the very impediment to the enforcement of the subpoena in *Smith v. State,* 118 Ga. 61 (1), 62, supra, is that the absent witness' (Renfroe's) whereabouts are unknown. Further, it is quite apparent that in the case sub judice it can be inferred that the witness had fled as was the case in *Smith v. State,* 118 Ga. 61, supra, for the witness' whereabouts are unknown. The ruling of the Supreme Court in *Smith v. State,* 118 Ga. 61, 62, supra, was as follows: "The constitution provides that the defendant shall have compulsory process to obtain the testimony of his own witnesses, but does not guarantee more than ordinary diligence on the part of the officers, or that they shall serve a witness who conceals himself."

Under the circumstances of this case, the substance of Code Ann. § 81-1410, supra, has not been complied with in its entirety, and the trial court has not abused its discretion in refusing a continuance even though the defendant has been as diligent as is possible under the circumstances. See *Scoggins v. State,* 98 Ga. App. 360 (2), 362 (106 SE2d 39); *Corbin v. State,* 212 Ga. 231 (1) (91 SE2d 764); *Jones v. State,* 135 Ga. App. 893, 896 (3) (219 SE2d 585); *Harris v. State,* 142 Ga. App. 37, 39 (234 SE2d 798). See also Code § 27-415, wherein a defendant is not entitled to a continuance if the witness is not in attendance at the term of court when the case is called for trial "if he [the witness] is prosecuted for the same criminal act." However, it is not shown with certainty even though the witness was charged with other crimes that he was charged with the same criminal act as the defendant here.

For the reasons stated above the trial court did not err in denying the motion for continuance.

*Judgment affirmed. Banke, J., concurs. Smith, J., concurs in the judgment only.*

ARGUED JANUARY 17, 1980 — DECIDED APRIL 8, 1980 —
REHEARING DENIED APRIL 29, 1980.

*Charles B. Merrill, Jr.,* for appellant.
*H. R. Thompson, District Attorney, Charles W. Cook, Assistant District Attorney,* for appellee.