## 64079. SHAW v. THE STATE.

CARLEY, Judge.

Appellant was indicted for aggravated assault on a peace officer, robbery and simple battery. The jury in appellant's first trial was unable to reach a verdict and a mistrial was declared. Appellant was retried and found guilty on all three counts. Appellant appeals from the denial of his motion for new trial.

1. During his first trial which resulted in a mistrial on April 30, 1981, appellant was represented by retained counsel. The same attorney was also representing appellant in several pending but unrelated misdemeanor cases. During the week prior to July 27, 1981, this attorney, as counsel of record, was informed that appellant's retrial would be held the following week. Appellant and the same attorney appeared in court on the morning of July 27, 1981. When appellant's case was called on that day, the state announced that it was ready for trial. However, appellant and the attorney briefly left the courtroom before responding to the call of the case. Upon his return, counsel informed the court that he no longer represented appellant in this case, but would continue to represent him in the misdemeanor cases. Following this announcement, the trial court informed appellant that his case would be set for trial on Thursday, July 30, 1981, three days later. Apparently, appellant contacted the trial court on the afternoon of July 27 to state that the attorney he had

retained to represent him in his retrial was on vacation and would not be available for a trial to begin in three days. The trial court again advised appellant that the case was set for July 30, 1981, and that he should be present at that time with counsel to represent him.

On July 30, 1981, appellant appeared in court without counsel. At that time, appellant informed the trial court that he had retained the services of an attorney on May 15, 1981, who "just told me yesterday he wouldn't . . . he couldn't get here." In point of fact, the secretary of the attorney whom appellant had ostensibly "retained" had been in contact with the district attorney and the clerk of the court. Apparently, the gist of the message relayed to the district attorney and the court was that the attorney, who was on vacation out of state, did not formally represent appellant but that appellant did want to secure his services for the retrial. It was subsequently established that appellant had conferred with the attorney and had partially paid his retainer fee. However, not having been paid the balance of his fee and not having received the materials requested by him from appellant, the attorney had not formally entered onto the active representation of appellant. Apparently, appellant had not been in touch with his "retained" counsel for some weeks prior to the retrial and had only tried to contact him on July 27, after the case had been called.

With this factual background the trial court declined to grant the motion for continuance which was based upon the absence of the appellant's "retained" counsel. Instead, the trial court appointed the public defender to assist appellant during the course of the trial. The denial of the motion to continue the case in order that "retained" counsel could appear is enumerated as error.

The facts which surround appellant's legal representation at his retrial do not demonstrate that, through no fault of his own, he was denied the right to retained counsel. Compare *Wallis v. State,* 137 Ga. App. 457 (224 SE2d 91) (1976). Instead, the facts show that appellant discharged his former retained counsel and failed to exercise reasonable diligence to secure a replacement. "The record and transcript sub judice does not show a reasonable diligence on [appellant's] part to retain counsel, or on the part of alleged retained counsel, if indeed retained, to make such fact known to the trial court." *Reid v. State,* 237 Ga. 106, 108 (227 SE2d 24) (1976). " 'It is the defendant's duty to employ counsel to aid in the preparation of his defense in advance of the trial of the case. [Cits.] . . .' [Cit.]" *Scott v. State,* 151 Ga. App. 840, 841 (262 SE2d 198) (1979). "[I]f the defendant were negligent in failing to promptly employ counsel, a continuance may be denied within the trial judge's discretion. [Cit.]" *Wallis,* 137 Ga. App. at 459-460, supra.

Appellant was not incarcerated pending his retrial, and was not indigent. Appellant had discharged his original attorney, a fact which was either not accomplished or at least not made known to the trial court until the call of the case. When the discharge of his former counsel was announced to the trial court, appellant was advised that he would be tried in three days and to secure legal representation. See generally *Hendrix v. State,* 145 Ga. App. 170 (243 SE2d 112) (1978). It was not until his case had already been called that appellant tried to contact an attorney with whom he had previously conferred but with whom he had not communicated in several weeks. See *Woodcock v. State,* 144 Ga. App. 678 (242 SE2d 335) (1978). Although appellant had failed to meet both the financial and consultive obligations necessary to the retention of the services of this attorney, a continuance was sought because of the absence of "retained" counsel. Cf. *Scott,* 151 Ga. App. 840, supra. Under these circumstances, the trial court was authorized to "find that the 'fault in non-representation' clearly [lay] with appellant herein. [Cit.]" *Walker v. State,* 157 Ga. App. 484, 485 (277 SE2d 740) (1981). " 'Generally, granting or refusing a continuance is a matter within the discretion of the trial court, and unless abused, such discretion will not be controlled. [Cits.]' [Cit.] We find that the court did not abuse its discretion in denying the request for continuance." *Scott,* 151 Ga. App. at 841, supra. The facts "do not display the diligence by appellant or his alleged retained counsel which is contemplated by the Georgia Constitution or the Sixth Amendment, and is not sufficient to show an abuse of discretion by the trial court in proceeding with the trial." *Reid v. State,* 237 Ga. at 108, supra.

Appellant also asserts that it was error for the trial court to appoint the public defender to advise him during the trial. "We recognize that a defendant must not be coerced into accepting counsel not of his own choosing and that he may proceed to defend himself without counsel. [Cit.]" *Rogers v. State,* 156 Ga. App. 466, 467 (274 SE2d 815) (1980). In the instant case, however, appellant did not waive his right to counsel and assert his constitutional right to represent himself. Instead, it is clear that appellant asserted his right to counsel but insisted that legal representation be conducted by his "retained" counsel. As discussed above, it was not error, under the circumstances, to deny the motion to continue the trial until "retained" counsel could appear. Therefore, the trial court in the instant case was confronted with a defendant who had not waived his right to counsel but who was not entitled to a continuance based upon the absence of the attorney he wished to represent him. Thus, "[t]he case sub judice is not one of those instances where a defendant declines to permit appointed counsel to represent him and chooses to

represent himself, but one in which this defendant . . . didn't 'have no choice' but to represent himself . . . [W]e [can] not . . . endorse the defendant's position that a continuance was mandated when requested by defendant. Such a continuance would have been one alternative for handling the situation available to the trial court. *Another alternative . . . would be to appoint other counsel or his former retained counsel as counsel for defendant and continue with the trial. . .*" (Emphasis supplied.) *Robertson v. State,* 162 Ga. App. 873, 876 (293 SE2d 477) (1982). Accordingly, we find no error in the trial court's appointment of the public defender to advise appellant during the trial.

2. Appellant enumerates as error the denial of a continuance predicated upon the absence of four defense witnesses for whom subpoenas had been issued but not served by the sheriff's department. It does not appear that a motion for continuance on this ground was ever made at trial. See *Holland v. State,* 141 Ga. App. 422 (2) (233 SE2d 497) (1977). What does appear is that the subpoenas were delivered to the sheriff for service at approximately 4 p.m. on the afternoon of July 30, 1981, the first day of the retrial. Two of the four witnesses apparently were residents of Florida. The other two witnesses were apparently residents of Dooly County but could not be located by the sheriff.

Appellant has a constitutional guarantee of compulsory process to obtain the testimony of witnesses. See Code Ann. § 2-111; *Murphy v. State,* 132 Ga. App. 654 (209 SE2d 101) (1974). However, such a guarantee is of "no benefit when the witnesses reside beyond the jurisdiction of the courts of this State." *Hughes v. State,* 228 Ga. 593, 597 (187 SE2d 135) (1972). Accordingly, assuming that a motion for continuance had been made, as to the two residents of Florida, it was not erroneously denied. See generally *Whitehead v. State,* 43 Ga. App. 401 (2) (158 SE 917) (1931).

As to the remaining two unserved witnesses, it appears that there was a lack of diligence on the part of appellant to insure their presence at his retrial. See generally *Morris v. State,* 66 Ga. App. 37 (16 SE2d 908) (1941). Furthermore, it does not appear that, under the circumstances, there was a lack of diligence on the part of the sheriff to serve the subpoenas. "The constitution, in guaranteeing that a defendant shall have compulsory process to compel the attendance of his witnesses, does not guarantee their attendance, nor more than ordinary diligence in serving a subpoena." *Smith v. State,* 118 Ga. 61 (1) (44 SE 817) (1903). Moreover, no attempt was made to show what the testimony of the two absent resident witnesses would have added to appellant's defense. "The judge was entitled to this information . . ." *Mell v. State,* 69 Ga. App. 302 (2) (25 SE2d 142) (1943). Only one

of the two had appeared as a witness in appellant's first trial. The transcript of his testimony therein is before us. Even assuming that this witness' testimony could be categorized as "material" to appellant's defense and further assuming that the trial court had been properly apprised of its substance, under the circumstances it would not have been an abuse of discretion for the trial court, had he been asked, to refuse to continue the case due to this witness' absence at the retrial. See generally *Eady v. State,* 129 Ga. App. 656 (1) (200 SE2d 767) (1973).

The trial court did not err in failing to grant a continuance because of the absence of the four unserved witnesses for the defense. See generally *Welch v. State,* 190 Ga. 161 (2) (8 SE2d 645) (1940); *Morris v. State,* 66 Ga. App. 37, supra.

3. Appellant asserts that, during the closing argument, the district attorney made an impermissible comment on appellant's failure to testify in his own defense. Appellant enumerates as error the failure of the trial court to take ameliorative action. It appears that the comment did not occur in the context of the district attorney's closing argument but was in the form of an objection to appellant's impermissible closing argument. We find no reversible error in the trial court's failure to take ameliorative action because here, as in *Smith v. State,* 224 Ga. 750, 751 (4) (164 SE2d 784) (1968), appellant "first made reference to the fact that appellant" had not testified during the trial.

4. There was no violation of the rule of sequestration when, apparently without objection, the victim was allowed to remain in the courtroom to aid in the presentation of the state's case. *Dye v. State,* 220 Ga. 113, 114 (2) (137 SE2d 465) (1964); *Toole v. State,* 146 Ga. App. 305, 307 (6) (246 SE2d 338) (1978).

5. Appellant enumerates as error the denial of his motion to quash and dismiss the indictment. On appeal, he asserts exceptions to the indictment which were not raised in the court below. Having failed to raise these exceptions below, appellant is deemed to have waived them. *Peppers v. Balkcom,* 218 Ga. 749, 750 (2b) (130 SE2d 709) (1963). The grounds which he did raise below are not argued on appeal. Accordingly, we find no error in this regard.

6. Appellant asserts that his sentence constitutes cruel and unusual punishment. " '[W]here the sentences imposed are within the statutory limits, as they are here, they are not unconstitutional.' [Cit.]" *Johnson v. State,* 246 Ga. 126, 128 (269 SE2d 18) (1980). "Any question as to the excessiveness of a sentence, which is otherwise legal, should be addressed to the sentence review panel. [Cit.]" *Davis v. State,* 151 Ga. App. 628, 629 (3) (260 SE2d 753) (1979).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

Decided September 10, 1982 —
Rehearing denied September 27, 1982 — ▮▮▮▮▮▮▮▮▮▮

*Christopher H. Coates, M. Laughlin McDonald, Neil T. Bradley,* for appellant.

*Gary C. Christy, District Attorney, Richard E. Thomas, Assistant District Attorney,* for appellee.