67094. SULTENFUSS v. THE STATE.

POPE, Judge.

On April 6, 1983 appellant entered a plea of guilty in the Superior Court of Bibb County for violation of Georgia's habitual traffic violator law, OCGA § 40-5-50 et seq. (Code Ann. § 68B-301). He was fined $750 and placed on probation for a term of five years

with the adjudication of guilt deferred pursuant to OCGA § 42-8-60 (Code Ann. § 27-2727). One condition of appellant's probation was that he not engage in any unlawful conduct.[1] On May 10, 1983 a rule nisi issued alleging appellant's probation violation by possession of cocaine with intent to distribute in contravention of the Georgia Controlled Substances Act. After a hearing held May 20, 1983, appellant was adjudicated guilty and sentenced to serve five years.

1. Appellant's initial enumeration of error raises the general grounds. At the hearing, the state presented evidence to show that on the evening of April 22, 1983, acting pursuant to information supplied by a confidential informant, police began surveillance of appellant at his place of employment. Observation of appellant continued after he left work as a passenger in his brother's car, to his residence, and shortly thereafter as he and his brother left the house and drove to a nearby shopping center. While there, appellant and his brother were observed driving slowly through the parking lot, checking different cars and different people on the premises. As the police prepared to stop the car in which appellant was riding, the car rapidly pulled away and out of the parking lot onto the highway running in front of the shopping center. Police stopped the car at the first intersection whereupon appellant bolted from the car tossing a brown paper bag away from him and onto the ground. Appellant was halted by police and the bag was retrieved. Two packages of a substance later analyzed to be cocaine were found in the bag and a third package of the substance was found on the ground near the bag. Smaller quantities of cocaine were found inside the car and on the person of the driver. The weight of the cocaine totaled 108.8 grams, approximately 3.8 ounces. The street value of the cocaine, after dilution for sale, was estimated to be approximately $43,000. Additionally, police discovered $2,100 in cash on appellant's person at the time of arrest.

"Only slight evidence is necessary to support a finding of a violation of probation. [Cits.] The evidence in this case certainly satisfies that standard." *Davis v. State,* 165 Ga. App. 709 (302 SE2d 610) (1983).

Appellant further challenges the sufficiency of the evidence based upon an asserted failure to establish the chain of custody of the cocaine. This enumeration is without merit as the three individual bags containing a substance identified as cocaine were admitted as

---

[1] Additional testimony at the May 20, 1983 hearing showed that appellant had been advised by his probation officer that the terms of his probation prohibited his violation of any Georgia law.

state's exhibits without objection. See *Gaither v. State,* 160 Ga. App. 705 (2) (288 SE2d 18) (1981).

2. Appellant next assigns error to the trial judge's failure to recuse himself when, during the state's closing argument at the May 20, 1983 hearing, the assistant district attorney injected improper and allegedly prejudicial comments indicating appellant's suspected other criminal conduct not in evidence. First, we note that no motion for recusal was made. See *Jordan v. Hodges,* 162 Ga. App. 473 (1) (291 SE2d 778) (1982). Further, when objection to the improper statements was interposed, it is clear from the transcript that not only was the objection sustained, but the trial judge also reprimanded the prosecutor immediately, harshly and repeatedly for his conduct. "Such improprieties constitute reversible error . . . only if the court condones them and takes no action to prevent harm's ensuing from them." *Wilbanks v. State,* 165 Ga. App. 876, 879 (303 SE2d 144) (1983). Moreover, we find no great probability that the improper remarks contributed to the trial court's ruling adjudicating appellant guilty and setting aside his probation. "Last, but in no way to be considered the least viable reason, '(a) sustained objection to an improper remark made by counsel, without a motion for mistrial, will not constitute grounds for a reversal.' *Lenear v. State,* 239 Ga. 617, 621 (238 SE2d 407) [(1977)]." *Wilson v. State,* 145 Ga. App. 315, 324 (244 SE2d 355) (1978). The record reveals no such motion for mistrial. Thus, this enumeration is without merit.

3. In his third enumeration of error, appellant contends that the trial court erred in imposing a sentence "so disproportionate to the offenses charged as to constitute cruel and unusual punishment." We disagree. Although appellant argues that of the series of offenses leading to the revocation of his driver's license, only two were for reckless driving and the others for "minor moving traffic violations," nothing in the record is included to show this. Moreover, the applicable statute provides: "Any person declared to be a habitual violator and whose driver's license has been revoked under this Code section and who is thereafter convicted of operating a motor vehicle while his license is so revoked shall be punished by a fine of not less than $750.00 or by imprisonment in the penitentiary for not less than one nor more than five years, or both." OCGA § 40-5-58 (c) (Code Ann. § 68B-308). Appellant entered a guilty plea and received a probated sentence pursuant to the first offender statute, OCGA § 42-8-60 (Code Ann. § 27-2727). " ' "(W)here the sentences imposed are within the statutory limits, as they are here, they are not unconstitutional." (Cit.)' *Johnson v. State,* 246 Ga. 126, 128 (269 SE2d 18) (1980). 'Any question as to the excessiveness of a sentence, which is otherwise legal, should be addressed to the sentence review

panel. (Cit.)' *Davis v. State,* 151 Ga. App. 628, 629 (3) (260 SE2d 753) (1979)." *Shaw v. State,* 163 Ga. App. 615, 619 (294 SE2d 676) (1982), revd. on other grounds, 251 Ga. 109 (303 SE2d 448) (1983).

Judgment affirmed. *Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 31, 1984.

*O. Hale Almand, Jr.,* for appellant.

*Willis B. Sparks III, District Attorney, Vernon Roy Beinke, Thomas J. Matthews, Assistant District Attorneys,* for appellee.