## 72425. MITCHELL v. THE STATE.
(347 SE2d 1)

BANKE, Chief Judge.

The defendant appeals his conviction of robbery.

The victim, an elderly man, testified that he allowed the defendant to enter his home based on the latter's representation that, as part of an advertising promotion, he would inspect the victim's stove free of charge and, if necessary, repair it. The defendant left after charging the victim $88 for putting some compound around the stove seams, purportedly to correct a leak. On the following day, the defendant returned, knocked the victim down and took more than $2,000 from him. *Held*:

1. The defendant enumerates as error the admission of evidence that he had been the perpetrator of two similar offenses. It is apparent from the record that offenses in question were not merely similar but were virtually identical. Each involved an elderly victim, who was

robbed by a person identified as the defendant. In each case, the defendant had gained entry into the victim's home based upon the promise of a free stove inspection and had then applied a putty or compound to cure an alleged heat leak in the stove. Thus, the evidence would clearly have been admissible even had the defendant objected to it at trial, which he did not. See generally *Davis v. State*, 151 Ga. App. 628 (2) (260 SE2d 753) (1979).

2. The defendant enumerates as error the admission of a photographic display employed for pre-trial identification, contending that the State failed to establish a sufficient foundation for the introduction of the evidence. When the exhibit was first offered, the defendant objected "in that we've had a *Brady* motion for discovery, and a notice to produce directed to this evidence, and I've not seen it until just now. . . ." The trial judge announced that he would withhold a ruling on this objection until counsel had "a chance to look over [the exhibit] with a little more degree of care." Subsequently, when the exhibit was again offered in evidence, counsel announced that he had no objection to its admission. This enumeration of error consequently presents nothing for review. See *Moore v. State*, 169 Ga. App. 24 (5) (311 SE2d 226) (1983).

3. Based on the evidence presented to the jury and available for their consideration, a rational trier of fact could reasonably have found the defendant guilty of robbery beyond a reasonable doubt. See generally *Parker v. State;* 161 Ga. App. 478 (288 SE2d 297) (1982).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 4, 1986 —
REHEARING DENIED JUNE 19, 1986.

*Virgil L. Brown*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Paschal A. English, Jr., Assistant District Attorneys*, for appellee.